FILED

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              July 2014 Grand Jury

11  UNITED STATES OF AMERICA,        CR No. 14-  CR14-0521

12          Plaintiff,               I N D I C T M E N T

13          v.                       [18 U.S.C. § 1956(h): Conspiracy
                                     to Launder Monetary Instruments;
14  PACIFIC EUROTEX CORP.,           18 U.S.C. § 1956(a)(1)(B)(ii):
    MORAD NEMAN,                     Money Laundering; 18 U.S.C. § 371:
15  HERSEL NEMAN,                    Conspiracy; 31 U.S.C. §§ 5313
    MEHRAN KHALILI, and             and 5324(a), (d)(2): Structuring
16  ALMA VILLALOBOS,                 Financial Transactions to Evade
                                     Reporting Requirements; 31 U.S.C.
17                                   §§ 5331 and 5324(b), (d)(2):
          Defendants.                Failure to File Report of Currency
18                                   Transaction in a Non-financial
                                     Trade or Business; 18 U.S.C.
19                                   § 982(a)(1): Criminal Forfeiture;
                                     31 U.S.C. § 5317: Criminal
20                                   Forfeiture]

21

22       The Grand Jury charges:

23                    COUNT ONE

24              [18 U.S.C. § 1956(h)]

25  A.   INTRODUCTION

26       At all times relevant to this Indictment:

27       1.   Defendant PACIFIC EUROTEX CORP. ("PACIFIC EUROTEX"),

28  incorporated in 2001 in the State of California, was located at 1620

South Los Angeles Street, Suite B, Los Angeles, California, and/or 1433 South Griffith Avenue, Los Angeles, California.

2.    Defendant PACIFIC EUROTEX was a trade or business operating as an importer and exporter of textiles with numerous customers in Mexico, Guatemala, Colombia, and Peru.

3.    Defendant MORAD NEMAN was the Chief Executive Officer of defendant PACIFIC EUROTEX.

4.    Defendant HERSEL NEMAN was the Chief Financial Officer of defendant PACIFIC EUROTEX.

5.    Defendants MEHRAN KHALILI ("KHALILI") and ALMA VILLALOBOS ("VILLALOBOS") were employees of defendant PACIFIC EUROTEX.

6.    Defendant PACIFIC EUROTEX opened and maintained the following business bank accounts with authorized signers defendants MORAD NEMAN, HERSEL NEMAN, and an unindicted co-conspirator:

    a.    BBCN bank account number xxxx3438, opened on December 10 2009, in the name of defendant PACIFIC EUROTEX CORP.;

    b.    Israel Discount Bank ("IDB") account number xxx1347, opened on April 12, 2002, in the name of defendant PACIFIC EUROTEX CORP.;

    c.    Pacific City Bank ("PCB") account number xxx0537, opened on April 26, 2013, in the name of defendant PACIFIC EUROTEX CORP.

7.    Defendant MORAD NEMAN also opened and maintained a personal bank account at Wells Fargo Bank, account number xxxxxx3136 in the name of an unindicted co-conspirator with MORAD NEMAN and the unindicted co-conspirator as authorized signers.

### The "Black Market Peso Exchange"

8.    Financial institutions typically charge fees for wire-transferring funds to or from Mexico, and to or from the United States.  Additional fees are charged for exchanging funds from Mexican pesos to United States dollars and from United States dollars to Mexican pesos.

9.    In order to avoid these costs, businesses may choose to circumvent the legitimate financial system and employ a currency broker or "peso broker."  A peso broker is an individual in Mexico who charges a reduced fee for converting United States dollars into pesos in Mexico through the use of an informal and illegitimate money transfer system.  To accomplish this, the peso broker works with an individual, such as a drug trafficker, who has United States currency (dollars) in the United States that he needs to bring to Mexico and convert to pesos but cannot use the conventional financial system to do so, typically because the funds are the proceeds of illegal activity.  The peso broker then finds business owners in Mexico who buy goods from vendors in the United States and need dollars to pay for those goods.  The peso broker arranges for the drug trafficker's dollars in the United States to be delivered to the United States-based vendors, where they are needed to pay for goods purchased by the Mexico-based customers, and in exchange pays the drug trafficker in Mexico in pesos obtained from the Mexico-based businesses.

10.  Under federal law, whenever a nonfinancial trade or business receives over $10,000 in currency in one transaction or two or more related transactions, the business must file a notice with the Secretary of the Treasury known as an IRS Form 8300 ("Form

1  8300"). If the buyer of the merchandise or the business owner does

2  not want such a report to be filed, they may attempt to evade that

3  filing by creating multiple invoices for a single transaction, each

4  under $10,000.

5      11.  Under federal law, whenever a cash transaction exceeding

6  $10,000 occurs, the financial institution must file a notice with the

7  Secretary of the Treasury known as a Currency Transaction Report

8  ("CTR"). If the business does not want such a report to be filed,

9  the business owner may attempt to evade that filing by making

10  multiple deposits, each below $10,000 in value, at different times,

11  at different bank locations, or into different accounts, thereby

12  "structuring" his deposits.

13  B.   OBJECTS OF THE CONSPIRACY

14      Beginning on a date unknown and continuing until on or about

15  September 9, 2014, in Los Angeles County, within the Central District

16  of California, and elsewhere, defendants PACIFIC EUROTEX, MORAD

17  NEMAN, HERSEL NEMAN, KHALILI, VILLALOBOS, and others known and

18  unknown to the Grand Jury, conspired and agreed with each other to

19  knowingly and intentionally conduct and attempt to conduct financial

20  transactions affecting interstate and foreign commerce,

21      a.   Knowing that the property involved the financial

22  transaction represented the proceeds of some form of unlawful

23  activity, and which property was, in fact, the proceeds of a

24  specified unlawful activity, that is, the unlawful distribution of

25  controlled substances, in violation of Title 21, United States Code,

26  Section 841(a)(1); and

27      b.   Knowing that the transactions were designed in whole

28  and in part to avoid a transaction reporting requirement under

4

1   Federal law, in violation of Title 18, United States Code, Section

2   1956(a)(1)(B)(ii).

3   C.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

4       ACCOMPLISHED

5       1.   Defendants MORAD NEMAN and HERSEL NEMAN would use defendant

6   PACIFIC EUROTEX to receive large amounts of narcotics proceeds in the

7   form of bulk United States currency as payment for outstanding orders

8   from customers in Mexico, Guatemala, and elsewhere.

9       2.   Defendants HERSEL NEMAN and VILLALOBOS would receive,

10   count, and record the amounts of bulk currency received.

11       3.   Defendants HERSEL NEMAN, MORAD NEMAN, and VILLALOBOS would

12   fail to file, and would cause defendant PACIFIC EUROTEX to fail to

13   file, reports of currency transactions over $10,000 in a trade or

14   business (IRS Form 8300), as required under 31 U.S.C. § 5331.

15       4.   Defendants HERSEL NEMAN, MORAD NEMAN, and KHALILI would

16   cause the currency to be deposited into the personal Wells Fargo bank

17   account xxxxxx3136 of defendants MORAD NEMAN and an unindicted co-

18   conspirator in structured amounts for the purpose of evading the

19   Currency Transaction Report ("CTR") requirement.

20   D.   OVERT ACTS

21       In furtherance of the conspiracy, and to accomplish the objects

22   of the conspiracy, on or about the following dates, defendants

23   PACIFIC EUROTEX, MORAD NEMAN, HERSEL NEMAN, KHALILI, VILLALOBOS, and

24   others known and unknown to the Grand Jury, committed various overt

25   acts within the Central District of California, and elsewhere,

26   including but not limited to the following:

27       1.   On May 30, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN,

28   and VILLALOBOS received approximately $50,000 in United States

currency that was the proceeds of narcotics trafficking on behalf of "Abraham Dichy" as payment for merchandise.

2.  On May 30, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, MORAD NEMAN, and VILLALOBOS failed to file, and caused PACIFIC EUROTEX to fail to file, a Form 8300 report for the receipt of United States currency over $10,000.

3.  On the following dates, defendant KHALILI made the following structured deposits of the bulk currency received on May 30, 2013, into the Wells Fargo bank account xxxxxx3136 of defendant MORAD NEMAN and an unindicted co-conspirator:

| DATE CASH RECEIVED | AMOUNT OF CASH RECEIVED | STRUCTURED DEPOSIT AMOUNTS | DATES OF STRUCTURED DEPOSITS |
|---|---|---|---|
| 5/30/2013 | $50,000 | $ 8,800 | 5/31/2013 |
| | | $ 8,800 | 5/31/2013 |
| | | $ 8,800 | 6/3/2013 |
| | | $ 8,800 | 6/4/2013 |
| | | $ 8,800 | 6/5/2013 |
| | TOTAL | $44,000 | |

4.  On June 7, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, and VILLALOBOS received approximately $70,000 in United States currency that was the proceeds of narcotics trafficking on behalf of "Mayer" as payment for merchandise.

5.  On June 7, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, MORAD NEMAN, and VILLALOBOS failed to file, and caused defendant PACIFIC EUROTEX to fail to file, a Form 8300 report for the receipt of United States currency over $10,000.

6.   On the following dates, defendant KHALILI made the following structured deposits of the bulk currency received on June 7, 2013, into the Wells Fargo bank account xxxxxx3136 of defendant MORAD NEMAN and an unindicted co-conspirator:

| DATE CASH RECEIVED | AMOUNT OF CASH RECEIVED | STRUCTURED DEPOSIT AMOUNTS | DATES OF STRUCTURED DEPOSITS |
|---|---|---|---|
| 6/7/2013 | $70,000 | $ 8,800 | 6/7/2013 |
| | | $ 8,800 | 6/7/2013 |
| | | $ 8,800 | 6/10/2013 |
| | | $ 8,800 | 6/11/2013 |
| | | $ 8,800 | 6/12/2013 |
| | | $ 8,800 | 6/14/2013 |
| | | $ 8,420 | 6/14/2013 |
| | TOTAL: | $ 61,220 | |

7.   On August 1, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, and VILLALOBOS received approximately $100,000 in United States currency that was the proceeds of narcotics trafficking on behalf of "Mayer" as payment for merchandise.

8.   On August 1, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, MORAD NEMAN, and VILLALOBOS failed to file, and caused defendant PACIFIC EUROTEX to fail to file, a Form 8300 report for the receipt of United States currency over $100,000.

9.   On the following dates, defendant KHALILI made the following structured deposits of a portion of the bulk currency received on August 1, 2013, into the Wells Fargo bank account xxxxxx3136 of defendant MORAD NEMAN and an unindicted co-conspirator:

| 8/1/2013 | $100,000 | $ 8,800 | 8/1/2013 |
| | | $ 8,800 | 8/2/2013 |
| | | $ 8,800 | 8/5/2013 |
| | | $ 8,800 | 8/7/2013 |
| | | $ 8,800 | 8/7/2013 |
| | | $ 8,800 | 8/8/2013 |
| | **TOTAL** | **$52,800** | |

10.    On August 9, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, and VILLALOBOS received approximately $149,935 in narcotics proceeds on behalf of "Mayer" as payment for merchandise.

11.    On August 9, 2013, defendants PACIFIC EUROTEX, HERSEL NEMAN, MORAD NEMAN, and VILLALOBOS failed to file, and caused defendant PACIFIC EUROTEX to fail to file, a Form 8300 report for the receipt of United States currency over $10,000.

12.    On the following dates, defendant KHALILI made the following structured deposits of a portion of the bulk currency received on August 9, 2013, into the Wells Fargo bank account xxxxxx3136 of defendant MORAD NEMAN and an unindicted co-conspirator:

| 8/9/2013 | $149,935 | $ 8,800 | 8/9/2013 |
| | | $ 8,800 | 8/13/2013 |
| | | $ 8,800 | 8/13/2013 |
| | | $ 8,800 | 8/14/2013 |
| | | $ 8,800 | 8/15/2013 |
| | | $ 8,800 | 8/16/2013 |
| | **TOTAL:** | **$ 52,800** | |

COUNT TWO

[18 U.S.C. § 371]

A.    INTRODUCTION

The Grand Jury re-alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs one through seven of Section A of Count One.

B.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about September 9, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants PACIFIC EUROTEX CORP. ("PACIFIC EUROTEX"), MORAD NEMAN, HERSEL NEMAN, MEHRAN KHALILI ("KHALILI"), ALMA VILLALOBOS ("VILLALOBOS"), and others known and unknown to the Grand Jury, conspired and agreed with each other to:

(1) knowingly fail to file, and cause defendant PACIFIC EUROTEX to fail to file, currency transaction reports for a trade or business as required by Title 31, United States Code, Section 5331(a), and the regulations promulgated thereunder, in violation of Title 31, United States Code, Section 5324(b), and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, in violation of Title 31, United States Code, Section 5324(d)(2); and

(2) intentionally structure, and cause to be structured, financial transactions into the following account in a domestic financial institution, namely, Wells Fargo Bank Account number xxxxxx3136, for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, in violation of Title 31, United States Code, Sections 5324(a)(3), and did so as part of a pattern of illegal

9

1  activity involving more than $100,000 in a 12-month period, in
2  violation of Title 31, United States Code, Section 5324(d)(2).
3  C.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
4       ACCOMPLISHED
5       The Grand Jury re-alleges and incorporates by reference as
6  though fully set forth herein the allegations in paragraphs one
7  through four of paragraph C of Count One.
8  D.   OVERT ACTS
9       In furtherance of the conspiracy, and to accomplish the objects
10 of the conspiracy, on or about the following dates, defendants
11 PACIFIC EUROTEX, MORAD NEMAN, HERSEL NEMAN, KHALILI, VILLALOBOS, and
12 others known and unknown to the Grand Jury, committed various overt
13 acts within the Central District of California, and elsewhere,
14 including but not limited to:
15      **Overt Acts 1 through 4:** failing to file reports of currency
16 transactions over $10,000 upon receipt of the following amounts of
17 currency on the following dates:

| Overt Act | Date | Amount Received | Customer/Beneficiary |
|---|---|---|---|
| 1. | 5/30/2013 | $50,000 | Abraham Dichy |
| 2. | 6/7/2013 | $70,000 | Mayer |
| 3. | 8/1/2013 | $100,000 | Mayer |
| 4. | 8/9/2013 | $149,935 | Mayer |

**Overt Acts 5 through 367:** structuring currency transactions to
avoid the currency reporting requirement:

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 5. | 1/03/2012 | $8,500 |
| 6. | 1/09/2012 | $2,900 |
| 7. | 1/11/2012 | $8,500 |
| 8. | 1/12/2012 | $7,900 |
| 9. | 1/13/2012 | $8,100 |
| 10. | 1/20/2012 | $7,700 |
| 11. | 1/25/2012 | $8,900 |
| 12. | 1/26/2012 | $8,400 |
| 13. | 1/27/2012 | $2,800 |
| 14. | 1/30/2012 | $8,000 |
| 15. | 1/31/2012 | $4,000 |
| 16. | 2/7/2012 | $7,935 |
| 17. | 3/02/2012 | $8,000 |
| 18. | 3/05/2012 | $7,750 |
| 19. | 3/06/2012 | $6,500 |
| 20. | 3/09/2012 | $8,610 |
| 21. | 3/12/2012 | $6,500 |
| 22. | 3/16/2012 | $8,485 |
| 23. | 3/19/2012 | $8,600 |
| 24. | 3/22/2013 | $7,200 |
| 25. | 3/26/2012 | $7,800 |
| 26. | 3/30/2012 | $8,600 |
| 27. | 4/02/2012 | $7,800 |
| 28. | 4/03/2012 | $8,800 |
| 29. | 4/09/2012 | $8,200 |
| 30. | 4/10/2012 | $8,920 |
| 31. | 4/16/2012 | $6,000 |
| 32. | 4/19/2012 | $8,500 |
| 33. | 4/20/2012 | $8,500 |
| 34. | 4/23/2012 | $7,900 |
| 35. | 4/27/2012 | $8,900 |
| 36. | 5/02/2012 | $8,500 |
| 37. | 5/03/2012 | $8,000 |
| 38. | 5/08/2012 | $8,900 |
| 39. | 5/09/2012 | $6,620 |
| 40. | 5/10/2012 | $5,400 |
| 41. | 5/11/2012 | $8,860 |
| 42. | 5/16/2012 | $8,600 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 43. | 5/18/2012 | $6,500 |
| 44. | 5/25/2012 | $8,050 |
| 45. | 5/25/2012 | $8,900 |
| 46. | 5/31/2012 | $8,900 |
| 47. | 6/01/2012 | $8,000 |
| 48. | 6/04/2012 | $8,000 |
| 49. | 6/06/2012 | $7,450 |
| 50. | 6/08/2012 | $8,500 |
| 51. | 6/11/2012 | $8,900 |
| 52. | 6/12/2012 | $8,900 |
| 53. | 6/13/2012 | $8,600 |
| 54. | 6/15/2012 | $8,300 |
| 55. | 6/19/2012 | $8,600 |
| 56. | 6/20/2012 | $8,460 |
| 57. | 6/25/2012 | $8,180 |
| 58. | 6/29/2012 | $8,340 |
| 59. | 7/03/2012 | $8,450 |
| 60. | 7/06/2012 | $8,000 |
| 61. | 7/09/2012 | $8,915 |
| 62. | 7/10/2012 | $8,000 |
| 63. | 7/12/2012 | $8,850 |
| 64. | 7/19/2012 | $7,740 |
| 65. | 7/20/2012 | $8,700 |
| 66. | 7/23/2012 | $8,950 |
| 67. | 7/25/2012 | $8,300 |
| 68. | 7/26/2012 | $8,800 |
| 69. | 7/31/2012 | $8,000 |
| 70. | 8/06/2012 | $8,500 |
| 71. | 8/07/2012 | $7,150 |
| 72. | 8/10/2012 | $8,800 |
| 73. | 8/13/2012 | $8,000 |
| 74. | 8/14/2012 | $7,260 |
| 75. | 8/15/2012 | $8,000 |
| 76. | 8/17/2012 | $8,700 |
| 77. | 8/20/2012 | $8,000 |
| 78. | 8/22/2012 | $8,800 |
| 79. | 8/24/2012 | $8,500 |
| 80. | 8/25/2012 | $7,395 |
| 81. | 8/30/2012 | $7,885 |
| 82. | 8/31/2012 | $8,400 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 83. | 9/04/2012 | $8,000 |
| 84. | 9/06/2012 | $8,780 |
| 85. | 9/07/2012 | $8,800 |
| 86. | 9/10/2012 | $8,800 |
| 87. | 9/11/2012 | $7,000 |
| 88. | 9/12/2012 | $7,500 |
| 89. | 9/14/2012 | $8,800 |
| 90. | 9/18/2012 | $8,000 |
| 91. | 9/20/2012 | $8,000 |
| 92. | 9/20/2012 | $6,200 |
| 93. | 9/21/2012 | $8,800 |
| 94. | 9/25/2012 | $8,800 |
| 95. | 9/27/2012 | $8,500 |
| 96. | 10/02/2012 | $8,800 |
| 97. | 10/03/2012 | $8,600 |
| 98. | 10/03/2012 | $8,500 |
| 99. | 10/04/2012 | $8,500 |
| 100. | 10/10/2012 | $8,550 |
| 101. | 10/10/2012 | $6,500 |
| 102. | 10/11/2012 | $8,620 |
| 103. | 10/12/2012 | $8,000 |
| 104. | 10/16/2012 | $8,800 |
| 105. | 10/16/2012 | $8,800 |
| 106. | 10/17/2012 | $7,000 |
| 107. | 10/22/2012 | $8,700 |
| 108. | 10/26/2012 | $8,700 |
| 109. | 10/29/2012 | $7,000 |
| 110. | 10/30/2012 | $8,800 |
| 111. | 11/02/2012 | $8,000 |
| 112. | 11/02/2012 | $8,000 |
| 113. | 11/05/2012 | $8,000 |
| 114. | 11/07/2012 | $7,000 |
| 115. | 11/08/2012 | $8,800 |
| 116. | 11/09/2012 | $8,800 |
| 117. | 11/13/2012 | $8,800 |
| 118. | 11/14/2012 | $8,000 |
| 119. | 11/15/2012 | $8,700 |
| 120. | 11/16/2012 | $7,000 |
| 121. | 11/19/2012 | $7,733 |
| 122. | 11/21/2012 | $8,000 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 123. | 11/26/2012 | $8,271 |
| 124. | 11/29/2012 | $8,800 |
| 125. | 11/29/2012 | $8,800 |
| 126. | 11/30/2012 | $8,800 |
| 127. | 12/03/2012 | $8,051 |
| 128. | 12/04/2012 | $8,800 |
| 129. | 12/05/2012 | $8,800 |
| 130. | 12/06/2012 | $8,800 |
| 131. | 12/11/2012 | $8,800 |
| 132. | 12/11/2012 | $8,800 |
| 133. | 12/14/2012 | $8,800 |
| 134. | 12/17/2012 | $8,500 |
| 135. | 12/19/2012 | $8,800 |
| 136. | 12/20/2012 | $8,500 |
| 137. | 12/20/2012 | $8,800 |
| 138. | 12/27/2012 | $8,800 |
| 139. | 12/27/2012 | $8,800 |
| 140. | 12/28/2012 | $8,800 |
| 141. | 1/02/2013 | $8,700 |
| 142. | 1/03/2013 | $8,050 |
| 143. | 1/04/2013 | $8,800 |
| 144. | 1/07/2013 | $8,800 |
| 145. | 1/09/2013 | $8,800 |
| 146. | 1/11/2013 | $8,300 |
| 147. | 1/11/2013 | $8,300 |
| 148. | 1/15/2013 | $8,800 |
| 149. | 1/15/2013 | $8,500 |
| 150. | 1/16/2013 | $8,800 |
| 151. | 1/17/2013 | $8,300 |
| 152. | 1/18/2013 | $7,500 |
| 153. | 1/22/2013 | $8,800 |
| 154. | 1/23/2013 | $8,800 |
| 155. | 1/25/2013 | $8,500 |
| 156. | 1/28/2013 | $8,800 |
| 157. | 1/30/2013 | $8,800 |
| 158. | 1/13/2013 | $8,800 |
| 159. | 2/01/2013 | $8,800 |
| 160. | 2/04/2013 | $8,800 |
| 161. | 2/05/2013 | $8,800 |
| 162. | 2/06/2013 | $8,800 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 163. | 2/07/2013 | $8,800 |
| 164. | 2/08/2013 | $8,800 |
| 165. | 2/11/2013 | $8,000 |
| 166. | 2/12/2013 | $8,000 |
| 167. | 2/14/2013 | $8,500 |
| 168. | 2/15/2013 | $8,000 |
| 169. | 2/19/2013 | $8,000 |
| 170. | 2/21/2013 | $8,000 |
| 171. | 2/22/2013 | $8,000 |
| 172. | 2/22/2013 | $8,000 |
| 173. | 2/26/2013 | $8,000 |
| 174. | 2/27/2013 | $8,000 |
| 175. | 2/28/2013 | $8,000 |
| 176. | 3/01/2013 | $8,000 |
| 177. | 3/05/2013 | $8,000 |
| 178. | 3/06/2013 | $8,000 |
| 179. | 3/07/2013 | $8,000 |
| 180. | 3/08/2013 | $8,000 |
| 181. | 3/12/2013 | $8,000 |
| 182. | 3/13/2013 | $8,000 |
| 183. | 3/15/2013 | $8,000 |
| 184. | 3/19/2013 | $8,000 |
| 185. | 3/20/2013 | $8,000 |
| 186. | 3/21/2013 | $8,000 |
| 187. | 3/22/2013 | $8,800 |
| 188. | 3/25/2013 | $8,800 |
| 189. | 3/26/2013 | $8,800 |
| 190. | 3/27/2013 | $8,800 |
| 191. | 3/28/2013 | $8,800 |
| 192. | 3/29/2013 | $8,800 |
| 193. | 4/01/2013 | $8,800 |
| 194. | 4/02/2013 | $8,800 |
| 195. | 4/03/2013 | $8,800 |
| 196. | 4/04/2013 | $8,800 |
| 197. | 4/05/2013 | $8,800 |
| 198. | 4/08/2013 | $8,800 |
| 199. | 4/09/2013 | $8,800 |
| 200. | 4/10/2013 | $8,800 |
| 201. | 4/11/2013 | $8,800 |
| 202. | 4/12/2013 | $8,800 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 203. | 4/15/2013 | $8,800 |
| 204. | 4/16/2013 | $8,800 |
| 205. | 4/17/2013 | $8,800 |
| 206. | 4/19/2013 | $8,800 |
| 207. | 4/19/2013 | $8,800 |
| 208. | 4/23/2013 | $8,800 |
| 209. | 4/24/2013 | $8,800 |
| 210. | 4/25/2013 | $8,800 |
| 211. | 4/29/2013 | $8,800 |
| 212. | 4/30/2013 | $8,800 |
| 213. | 4/30/2013 | $8,800 |
| 214. | 5/02/2013 | $8,800 |
| 215. | 5/02/2013 | $8,800 |
| 216. | 5/03/2013 | $8,800 |
| 217. | 5/07/2013 | $8,800 |
| 218. | 5/07/2013 | $8,800 |
| 219. | 5/08/2013 | $8,800 |
| 220. | 5/09/2013 | $8,800 |
| 221. | 5/10/2013 | $8,800 |
| 222. | 5/14/2013 | $8,800 |
| 223. | 5/14/2013 | $8,800 |
| 224. | 5/15/2013 | $8,800 |
| 225. | 5/16/2013 | $8,800 |
| 226. | 5/22/2013 | $8,800 |
| 227. | 5/23/2013 | $8,800 |
| 228. | 5/24/2013 | $8,800 |
| 229. | 5/28/2013 | $8,800 |
| 230. | 5/29/2013 | $8,800 |
| 231. | 5/31/2013 | $8,800 |
| 232. | 5/31/2013 | $8,800 |
| 233. | 6/03/2013 | $8,800 |
| 234. | 6/04/2013 | $8,800 |
| 235. | 6/05/2013 | $8,800 |
| 236. | 6/07/2013 | $8,800 |
| 237. | 6/07/2013 | $8,800 |
| 238. | 6/10/2013 | $8,800 |
| 239. | 6/11/2013 | $8,800 |
| 240. | 6/12/2013 | $8,800 |
| 241. | 6/14/2013 | $8,800 |
| 242. | 6/14/2013 | $8,420 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 243. | 6/18/2013 | $8,800 |
| 244. | 6/18/2013 | $8,800 |
| 245. | 6/19/2013 | $8,800 |
| 246. | 6/20/2013 | $8,800 |
| 247. | 6/21/2013 | $8,800 |
| 248. | 6/24/2013 | $8,800 |
| 249. | 6/25/2013 | $8,800 |
| 250. | 6/26/2013 | $8,800 |
| 251. | 6/27/2013 | $8,800 |
| 252. | 7/02/2013 | $8,800 |
| 253. | 7/02/2013 | $8,800 |
| 254. | 7/05/2013 | $8,800 |
| 255. | 7/05/2013 | $8,800 |
| 256. | 7/08/2013 | $8,000 |
| 257. | 7/09/2013 | $8,800 |
| 258. | 7/10/2013 | $8,800 |
| 259. | 7/12/2013 | $8,800 |
| 260. | 7/12/2013 | $8,800 |
| 261. | 7/16/2013 | $8,800 |
| 262. | 7/16/2013 | $8,800 |
| 263. | 7/17/2013 | $8,800 |
| 264. | 7/19/2013 | $8,800 |
| 265. | 7/19/2013 | $8,800 |
| 266. | 7/22/2013 | $8,800 |
| 267. | 7/23/2013 | $8,800 |
| 268. | 7/24/2013 | $8,800 |
| 269. | 7/25/2013 | $8,800 |
| 270. | 7/26/2013 | $8,800 |
| 271. | 7/29/2013 | $8,800 |
| 272. | 7/30/2013 | $8,800 |
| 273. | 7/31/2013 | $8,800 |
| 274. | 8/01/2013 | $8,800 |
| 275. | 8/02/2013 | $8,800 |
| 276. | 8/05/2013 | $8,800 |
| 277. | 8/07/2013 | $8,800 |
| 278. | 8/07/2013 | $8,800 |
| 279. | 8/08/2013 | $8,800 |
| 280. | 8/09/2013 | $8,800 |
| 281. | 8/13/2013 | $8,800 |
| 282. | 8/13/2013 | $8,800 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 283. | 8/14/2013 | $8,800 |
| 284. | 8/15/2013 | $8,800 |
| 285. | 8/16/2013 | $8,800 |
| 286. | 8/20/2013 | $8,800 |
| 287. | 8/21/2013 | $8,800 |
| 288. | 8/21/2013 | $8,800 |
| 289. | 8/23/2013 | $8,800 |
| 290. | 8/23/2013 | $8,800 |
| 291. | 8/26/2013 | $8,800 |
| 292. | 8/27/2013 | $8,800 |
| 293. | 8/28/2013 | $8,800 |
| 294. | 8/30/2013 | $8,800 |
| 295. | 8/30/2013 | $8,800 |
| 296. | 9/03/2013 | $8,800 |
| 297. | 9/04/2013 | $8,800 |
| 298. | 9/10/2013 | $8,800 |
| 299. | 9/10/2013 | $8,800 |
| 300. | 9/12/2013 | $8,800 |
| 301. | 9/13/2013 | $8,800 |
| 302. | 9/17/2013 | $8,800 |
| 303. | 9/18/2013 | $8,800 |
| 304. | 9/19/2013 | $8,800 |
| 305. | 9/20/2013 | $8,800 |
| 306. | 9/23/2013 | $8,800 |
| 307. | 9/24/2013 | $8,800 |
| 308. | 9/25/2013 | $8,800 |
| 309. | 9/26/2013 | $8,800 |
| 310. | 9/27/2013 | $8,800 |
| 311. | 9/30/2013 | $8,800 |
| 312. | 10/01/2013 | $8,800 |
| 313. | 10/02/2013 | $8,800 |
| 314. | 10/03/2013 | $8,800 |
| 315. | 10/04/2013 | $8,800 |
| 316. | 10/07/2013 | $8,800 |
| 317. | 10/08/2013 | $8,800 |
| 318. | 10/09/2013 | $8,800 |
| 319. | 10/10/2013 | $8,800 |
| 320. | 10/11/2013 | $8,800 |
| 321. | 10/14/2013 | $8,800 |
| 322. | 10/15/2013 | $8,800 |

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| 323. | 10/18/2013 | $8,800 |
| 324. | 10/21/2013 | $8,800 |
| 325. | 10/22/2013 | $8,800 |
| 326. | 10/23/2013 | $8,800 |
| 327. | 10/24/2013 | $8,800 |
| 328. | 10/28/2013 | $8,800 |
| 329. | 10/29/2013 | $8,800 |
| 330. | 10/30/2013 | $8,800 |
| 331. | 11/1/2013 | $8,800 |
| 332. | 11/4/2013 | $8,800 |
| 333. | 11/5/2013 | $8,800 |
| 334. | 11/6/2013 | $8,800 |
| 335. | 11/7/2013 | $8,800 |
| 336. | 11/8/2013 | $8,800 |
| 337. | 11/12/2013 | $8,800 |
| 338. | 11/13/2013 | $8,800 |
| 339. | 11/14/2013 | $8,800 |
| 340. | 11/15/2013 | $8,800 |
| 341. | 11/18/2013 | $8,800 |
| 342. | 11/19/2013 | $8,800 |
| 343. | 11/20/2013 | $8,800 |
| 344. | 11/21/2013 | $8,800 |
| 345. | 11/22/2013 | $8,800 |
| 346. | 11/25/2013 | $8,800 |
| 347. | 11/26/2013 | $8,800 |
| 348. | 11/27/2013 | $8,800 |
| 349. | 11/29/2013 | $8,800 |
| 350. | 12/02/2013 | $8,800 |
| 351. | 12/03/2013 | $8,800 |
| 352. | 12/04/2013 | $8,800 |
| 353. | 12/05/2013 | $8,800 |
| 354. | 12/09/2013 | $8,800 |
| 355. | 12/10/2013 | $8,800 |
| 356. | 12/11/2013 | $8,800 |
| 357. | 12/12/2013 | $8,800 |
| 358. | 12/13/2013 | $8,800 |
| 359. | 12/16/2013 | $8,800 |
| 360. | 12/17/2013 | $8,800 |
| 361. | 12/18/2013 | $8,800 |
| 362. | 2/04/2014 | $7,900 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| OVERT ACT | DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|-----------|----------------|-------------------|
| 363. | 2/05/2014 | $7,600 |
| 364. | 2/10/2014 | $7,700 |
| 365. | 2/11/2014 | $7,500 |
| 366. | 2/12/2014 | $7,000 |
| 367. | 2/13/2014 | $7,400 |

COUNTS THREE THROUGH SIX

[31 U.S.C. §§ 5331(a), 5324(b)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants PACIFIC EUROTEX CORP., HERSEL NEMAN, MORAD NEMAN, and ALMA VILLALOBOS knowingly failed to file, and caused defendant PACIFIC EUROTEX CORP. to fail to file, a report of domestic currency transaction over $10,000 in a trade or business, in violation of Title 31, United States Code, Section 5324(b), and did so while violating another law of the United States, namely, Title 18, United States Code, Section 1956, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, upon receipt of the following currency transactions:

| Count | Date | Amount Received | Customer/Beneficiary |
|-------|------|-----------------|----------------------|
| 3. | 5/30/2013 | $50,000 | Abraham Dichy |
| 4. | 6/7/2013 | $70,000 | Mayer |
| 5. | 8/1/2013 | $100,000 | Mayer |
| 6. | 8/9/2013 | $149,935 | Mayer |

COUNTS SEVEN THROUGH TEN

[31 U.S.C. §§ 5324(a), 5324(d)(2)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants PACIFIC EUROTEX CORP., HERSEL NEMAN, MORAD NEMAN, and MEHRAN KHALILI knowingly structured, assisted in structuring, and caused to be structured, financial transactions with a domestic financial institution, namely, Wells Fargo Bank, for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, in violation of Title 31, United States Code, Section 5324(a), and did so while violating another law of the United States, namely, Title 18, United States Code, Section 1956, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period:

| Count | Date Cash Received | Total Cash Amount Received | Amount of Structured Cash Deposit | Deposit Date |
|-------|-------------------|---------------------------|----------------------------------|--------------|
| 7. | 05/30/2013 | $50,000.00 | $8,800.00 | 05/31/2013 |
| | | | $8,800.00 | 05/31/2013 |
| | | | $8,800.00 | 06/03/2013 |
| | | | $8,800.00 | 06/04/2013 |
| | | | $8,800.00 | 06/05/2013 |
| Total Amount Structured: | | | $44,000.00 | |

| 8. | 06/07/2013 | $70,000.00 | $8,800.00 | 06/07/2013 |
|---|---|---|---|---|
| | | | $8,800.00 | 06/07/2013 |
| | | | $8,800.00 | 06/10/2013 |
| | | | $8,800.00 | 06/11/2013 |
| | | | $8,800.00 | 06/12/2013 |
| | | | $8,800.00 | 06/14/2013 |
| | | | $8,420.00 | 06/14/2013 |
| | Total Amount Structured: | | $61,220.00 | |
| | | | | |
| 9. | 08/01/2013 | $100,000.00 | $8,800.00 | 08/01/2013 |
| | | | $8,800.00 | 08/02/2013 |
| | | | $8,800.00 | 08/05/2013 |
| | | | $8,800.00 | 08/07/2013 |
| | | | $8,800.00 | 08/07/2013 |
| | | | $8,800.00 | 08/08/2013 |
| | Total Amount Structured: | | $52,800.00 | |
| | | | | |
| 10. | 08/09/2013 | $149,935.00 | $8,800.00 | 08/09/2013 |
| | | | $8,800.00 | 08/13/2013 |
| | | | $8,800.00 | 08/13/2013 |
| | | | $8,800.00 | 08/14/2013 |
| | | | $8,800.00 | 08/15/2013 |
| | | | $8,800.00 | 08/16/2013 |
| | Total Amount Structured: | | $52,800.00 | |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982(a)(1)(A)]

1.    The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1)(A).

2.    Count One of this Indictment alleges that the defendants engaged in a conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h).  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, MEHRAN KHALILI, and ALMA VILLALOBOS that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982, in the event of any such defendant's conviction under Count One of this Indictment.  Upon such conviction, each defendant that is convicted of this offense shall forfeit to the United States any right, title, and interest in any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, following:

        a.    The sum of money equal to the total amount of property involved in, or traceable to property involved in, those violations; and,

        b.    All assets, including, without limitation, equipment, inventory, accounts receivable, bank accounts and real property of defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, MEHRAN KAHALILI, ALMA VILLALOBOS involved in such violations.

3.    If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the

1  amount involved in such offense.  By virtue of the commission of the

2  felony offense charged in Count One of this Indictment, any and all

3  interest that a defendant has in the property involved in, or

4  traceable to property involved in, the offense is vested in the

5  United States and hereby forfeited to the United States pursuant to

6  Title 18, United States Code, Section 982(a)(1).

7       4.   If any of the property described above, as a result of any

8  act or omission of the defendants:

9            a.   cannot be located upon the exercise of due diligence;

10           b.   has been transferred or sold to, or deposited with, a

11  third party;

12           c.   has been placed beyond the jurisdiction of the court;

13           d.   has been substantially diminished in value; or

14           e.   has been commingled with other property that cannot be

15  divided without difficulty;

16  the United States of America shall be entitled to forfeiture of

17  substitute property pursuant to Title 21, United States Code,

18  Section 853(p), as incorporated by Title 18, United States Code,

19  Section 982(b)(1).

FORFEITURE ALLEGATION TWO

[31 U.S.C. § 5317(c)(1)(A)]

1.    The allegations contained in Counts Two through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

2.    Count Two alleges that defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, MEHRAN KHALILI, and ALMA VILLALOBOS conspired to: (1) fail to file reports of currency transactions in excess of $10,000 for a nonfinancial trade or business in violation of Title 18, United States Code, Section 371 and Title 31, United States Code, Sections 5331, 5324(b), and 5324(d)(2); and (2) structure financial transactions with a domestic financial institution, that is, Wells Fargo Bank, in violation of Title 18, United States Code, Section 371, and Title 31, United States Code, Sections 5313(a), 5324(a), and 5324(d)(2).  Counts Three through Six allege that defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, and ALMA VILLALOBOS failed to file and caused PACIFIC EUROTEX to fail to file reports of currency transactions in excess of $10,000 (Forms 8300), in violation of Title 31, United States Code, Sections 5331(a) and 5324(b).  Counts Seven through Ten allege that defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, and MEHRAN KHALILI structured, assisted in structuring, and caused to be structured, financial transactions with a domestic financial institution, that is, Wells Fargo Bank, in violation of Title 31, United States Code, Sections 5313(a), 5324(a)(3), and 5324(d)(2).  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants PACIFIC EUROTEX CORP., MORAD NEMAN, HERSEL NEMAN, MEHRAN

1  KHALILI, and ALMA VILLALOBOS that the United States will seek

2  forfeiture as part of any sentence in accordance with Title 31,

3  United States Code, Section 5317(c)(1)(A)982, in the event of any

4  such defendant's conviction of any of the foregoing offenses.  Upon

5  such conviction, each defendant that is convicted of each such

6  offense shall forfeit to the United States any right, title, and

7  interest in any property, real or personal, involved in such offense,

8  or any property traceable to such property, including, but not

9  limited to, the following:

10           a.    The sum of money equal to the total amount of property

11  involved in, or traceable to property involved in, each such

12  violation; and

13           b.    All assets, including without limitation, equipment,

14  inventory, accounts receivable, bank accounts and real property of

15  defendants PACIFIC EUROTEX CORP., HERSEL NEMAN, MORAD NEMAN, MOJGAN

16  NEMAN, MEHRAN KHALILI, and ALMA VILLALOBOS.

17       3.    If more than one defendant is convicted of an offense, the

18  defendants so convicted are jointly and severally liable for the

19  amount derived from such offense.  By virtue of the commission of the

20  felony offenses charged in Counts Two through Ten of this Indictment,

21  any and all interest that the defendant has in the property involved

22  in, or traceable to property involved in, the offenses is vested in

23  the United States and hereby forfeited to the United States pursuant

24  to Title 31, United States Code, Section 5317(c)(1)(A).

25       4.    If any of the property described above, as a result of any

26  act or omission of the defendant(s):

27           a.    cannot be located upon the exercise of due diligence;

28

1            b.    has been transferred or sold to, or deposited with, a

2  third party;

3            c.    has been placed beyond the jurisdiction of the court;

4            d.    has been substantially diminished in value; or

5            e.    has been commingled with other property that cannot be

6  divided without difficulty, the United States of America shall be

7  entitled to forfeiture of substitute property pursuant to Title 21,

8  United States Code, Section 853(p), as incorporated by Title 31,

9  United States Code, Section 5317(c)(1)(B).

A TRUE BILL

/S/
_____
Foreperson

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
Enforcement Task Force Section

ROB B. VILLEZA
Assistant United States Attorney
Deputy Chief, Organized Crime
Drug Enforcement Task Force
Section

JULIE J. SHEMITZ
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force Section