UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

| Case No. | LA CR14-00521 JAK | Date | October 23, 2014 |
|---|---|---|---|

| Present: The Honorable | John A. Kronstadt, United States District Judge |
|---|---|
| Interpreter | 3: Farideh Wilson (Farsi) and 5: Joel Rojano (Tagalog) |

| Andrea Keifer | Alex Joko | Julie J. Shemitz |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Pacific Eurotex Corp. | | X | X | Terry W. Bird, Ariel Neuman, Mitchell A. Kamin | X | | X |
| 2. Morad Neman | X | | X | Terry W. Bird, Ariel Neuman, Mitchell A. Kamin | X | | X |
| 3. Hersel Neman | X | | X | Terry W. Bird, Ariel Neuman, Mitchell A. Kamin | X | | X |
| 4. Mehran Khalili | X | | X | Michael J. Lightfoot | X | | X |
| 5. Alma Villalobos | X | | X | Mark A. Byrne | X | | X |

**Proceedings:**    **FINAL PRETRIAL CONFERENCE**

The final pretrial conference is not held and the matter proceeds by way of a status conference. The Court informs the parties the extent of its personal relationship with Mr. Terry Bird, defense counsel to Defendants for the corporation, Morad Neman and Hersel Neman. The Government asks for some greater details, which the Court provides. The Court states that his prior relationship with Mr. Bird is not such that the Court believes that recusal is necessary, but asks counsel for all parties if there is any concern or objection or if more time is needed to consider the issue. There is no objection made by counsel for any party to the Court remaining as the assigned bench officer in this matter.

The Court has reviewed the parties' Status Report and the Government's Unopposed Ex Parte Application for a Protective Order (the "Application"). Dkt. 68, 69. Defendants have no objection to the Application. Therefore, the Court GRANTS the Application, which will be filed separately under seal. Counsel shall inform the Court if there is any later dispute as to the potential disclosure of information to a client or some other third party. Any such dispute will be presented to the Court for resolution. Thus, there will be no disclosure absent an order from the Court permitting the same.

Defendants request a continuance of the Status Conference to November 6, 2014 to permit additional time to review the discovery that has been produced. They agree to a speedy trial waiver to permit the two week continuance of the final status conference and trial. The Government has no objection to the continuance so long as a speedy trial wavier is entered into by each Defendant. The Court grants the parties' request and sets the following deadlines:

October 28, 2014:    Speedy trial stipulation for a two-week period to be filed to be signed by counsel and each Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| November 4, 2014 by 12:00 p.m.: | Joint Status Report re Discovery, Scheduling, and Pending Issues |
| November 6, 2014 at 8:30 a.m.: | Status Conference |
| November 10, 2014 by 12:00 pm: | Last day to file all pretrial documents |
| November 13, 2014 at 8:30 a.m.: | Final Pretrial Conference and Hearing on Motion(s) in Limine |
| November 18, 2014 at 9:00 a.m.: | Jury Trial (est. tbd) |

The Court grants Defendant Hersel Neman's request to travel to Nevada, which is unopposed by the Government.

Defense counsel requests that the Government return to Defendants certain property that was seized in the course of this matter. They contend that it has sentimental and financial value but is not evidence relevant to any issue in this action. Government counsel reports that she has conferred informally with defense counsel regarding the issue and that it is not yet clear to the Government whether the property is relevant to these proceedings. The Court inquires as to what steps are being taken to ensure the protection of the items. Government counsel states that they are being held in a vault. She also states that an appraiser has been retained to evaluate the items. Government counsel believes she will be able to provide more information regarding the pieces and whether they may be returned to Defendants in approximately 30 days. The Court directs the parties to continue to work together in an effort to reach a resolution of the matter. If a dispute arises, an appropriate motion may be brought. Whether any such motion will be referred to the Magistrate Judge will be determined upon its filing.

Defense counsel requests that the Government disclose the identity of the peso broker and produce a copy of a recording of a conversation between the peso broker and CI. Government counsel reports that the peso broker's identity and the recording are irrelevant. Counsel also state their respective views as to whether knowledge of any defendant concerning whether funds that were transferred were related to the sale of narcotics is relevant in this action. Defendants' counsel states that it is, and Government counsel disagrees. Any future dispute on the issue of the production of the recording should be discussed by counsel. If there is no resolution, an appropriate motion may be filed. Again, whether such a motion will be referred to the Magistrate Judge will be determined if, and when it is filed. The Court raises the issue of whether the identity of the CI would be revealed if the recording were to be produced, and if so, how this would tie to the stipulated protective order that restricts the disclosure of such information. Because that issue may not arise, no action is taken. The Court directs counsel to confer further regarding the issue to see if an agreement can be reached. Counsel shall inform the Court in its November 4, 2014 joint report as to what issues remain for the continued Final Pretrial Conference and trial.

**IT IS SO ORDERED.**

| | : | 19 |
|---|---|---|
| | Initials of Deputy Clerk | ak |

cc: Pretrial Services Office