UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE JOHN A. KRONSTADT

UNITED STATES DISTRICT JUDGE PRESIDING

- - -

```
USA,                                )
                                    )
              PLAINTIFF,            )
                                    )
VS.                                 ) CR14-00521-JAK
                                    )
PACIFIC EUROTEX CORP., ET AL.,      )
                                    )
              DEFENDANTS.           )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

THURSDAY, NOVEMBER 6, 2014, 8:30 AM

_____

ALEXANDER T. JOKO, CSR NO. 12272
FEDERAL OFFICIAL COURT REPORTER
255 EAST TEMPLE STREET, ROOM 181-H
LOS ANGELES, CA 90012
ALEXANDER.JOKO@GMAIL.COM

1    **APPEARANCES OF COUNSEL:**

2    FOR PLAINTIFF:        JULIE J. SHEMITZ
                           AUSA - OFFICE OF US ATTORNEY
3                          ORGANIZED CRIME DRUG ENFORCEMENT
                           TASK FORCE
4                          312 NORTH SPRING STREET
                           14TH FLOOR
5                          LOS ANGELES, CA 90012-4700

6

7
     FOR DEFENDANTS PACIFIC EUROTEX AND MORAD NEMAN:
8
                           ARIEL A. NEUMAN
9                          BIRD MARELLA BOXER WOLPERT NESSIM
                           DROOKS LINCENBERG & RHOW
10                         1875 CENTURY PARK EAST
                           23RD FLOOR
11                         LOS ANGELES, CA 90067

12                         MITCHELL A. KAMIN
                           BIRD MARELLA BOXER WOLPERT NESSIM
13                         DROOKS LINCENBERG RHOW PC
                           1875 CENTURY PARK EAST
14                         SUITE 2300
                           LOS ANGELES, CA 90067-2561
15
                           TERRY W. BIRD
16                         BIRD MARELLA BOXER WOLPERT NESSIM
                           DROOKS LINCENBERG & RHOW
17                         1875 CENTURY PARK EAST
                           SUITE 2300
18                         LOS ANGELES, CA 90067-2561

19

20
     FOR DEFENDANT HERSEL NEMAN:
21
                           PAMELA LOUISE JOHNSTON
22                         FOLEY AND LARDNER LLP
                           555 SOUTH FLOWER STREET
23                         SUITE 3500
                           LOS ANGELES, CA 90071-2300
24

25

1      **APPEARANCES (CONTINUED)**

2

3      FOR DEFENDANT MEHRAN KHALILI:

4                              MICHAEL J. LIGHTFOOT
                               LIGHTFOOT STEINGARD AND SADOWSKY LLP
                               800 WILSHIRE BOULEVARD
5                              SUITE 1050
                               LOS ANGELES, CA 90017

6
       FOR DEFENDANT ALMA VILLALOBOS:
7
                               MARK ANDREW BYRNE
8                              BYRNE AND NIXON LLP
                               888 WEST SIXTH STREET
9                              SUITE 1100
                               LOS ANGELES, CA 90017

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          LOS ANGELES, CALIFORNIA; THURSDAY, NOVEMBER 6, 2014

 2                        8:30 AM

 3                      - - - - -

 4

 5

 6          THE COURT:  ITEM NO. 3, CR14-00521, USA V.

 7    PACIFIC EUROTEX CORP.

 8                WOULD YOU STATE YOUR APPEARANCES, PLEASE.

 9          MS. SCHEMITZ:  GOOD MORNING, YOUR HONOR.

10    JULIE SCHEMITZ ON BEHALF OF THE UNITED STATES.

11          MR. BIRD:  GOOD MORNING, YOUR HONOR.  TERRY

12    BIRD, ARIEL NEUMAN AND MITCH KAMIN REPRESENTING PACIFIC

13    EUROTEX AND MORAD NEMAN WHO IS PRESENT IN THE

14    COURTROOM, YOUR HONOR.

15          THE COURT:  GOOD MORNING TO THE THREE OF YOU.

16                IS THERE AN INTERPRETER PRESENT?

17          MR. BYRNE:  MARK BYRNE FOR MS. VILLALOBOS WHO

18    IS PRESENT ON BOND AND WITH THE ASSISTANCE OF A TAGALOG

19    INTERPRETER.

20          MR. LIGHTFOOT:  GOOD MORNING, YOUR HONOR.

21    MICHAEL LIGHTFOOT ON BEHALF OF MR. KHALILI WHO IS

22    PRESENT IN COURT THIS MORNING.

23          THE INTERPRETER:  GOOD MORNING, YOUR HONOR.

24    JOEL ROJANO, R-O-J-A-N-O.

25          THE COURT:  MS. BYRNE (SIC), CAN YOU COME TO
```

```
 1    THE MICROPHONE, PLEASE?
 2                I'M SORRY, WHERE IS MR. BYRNE?
 3           MR. BYRNE:  I'M RIGHT HERE.
 4           THE COURT:  THE TAGALOG INTERPRETER IS FOR
 5    WHOM?
 6           MR. BYRNE:  ALMA VILLALOBOS, YOUR HONOR.
 7           THE COURT:  I'D LIKE MS. VILLALOBOS TO COME
 8    FORWARD.
 9                GOOD MORNING, MS. VILLALOBOS.
10           DEFENDANT VILLALOBOS:  GOOD MORNING.
11           THE COURT:  ARE YOU BEING ASSISTED THIS
12    MORNING BY A TAGALOG INTERPRETER?
13           DEFENDANT VILLALOBOS:  YES, YOUR HONOR.
14           THE COURT:  WOULD THE INTERPRETER PLEASE STATE
15    HIS NAME AGAIN.
16           THE INTERPRETER:  JOEL ROJANO.
17           THE COURT:  ARE YOU A CERTIFIED TAGALOG
18    INTERPRETER?
19           THE INTERPRETER:  YES, YOUR HONOR.
20           THE COURT:  THANK YOU.
21                YOU CAN BE SEATED.
22           MS. JOHNSTON:  GOOD MORNING, YOUR HONOR.
23    PAMELA JOHNSTON FOR HERSEL NEMAN.  HE IS HERE IN COURT
24    AND ALSO HAS A FARSI INTERPRETER.
25           THE COURT:  GOOD MORNING, MR. NEMAN.
```

```
1              DEFENDANT NEMAN:  GOOD MORNING.

2              THE COURT:  ARE YOU BEING ASSISTED THIS

3    MORNING BY A FARSI LANGUAGE INTERPRETER?

4              DEFENDANT NEMAN:  YES.

5              THE COURT:  AND WOULD THE INTERPRETER PLEASE

6    STATE HIS NAME.

7              THE INTERPRETER:  ALI HASHEMI-ALAVI.

8              THE COURT:  AND ARE YOU A CERTIFIED

9    INTERPRETER IN THE LANGUAGE OF FARSI?

10             THE INTERPRETER:  YES, I AM.

11             THE COURT:  IS THERE ANY OTHER PARTY BEING

12   ASSISTED BY AN INTERPRETER THIS MORNING?

13                  THANK YOU.

14                  I HAVE YOUR WRITTEN STATUS REPORT.  AND I

15   HAD YOU COME IN ONLY BECAUSE IT STATES THAT YOU WERE --

16   THE DEFENSE STATES IT WAS WAITING FOR MORE INFORMATION

17   AS TO THE TIMING OF THE PRODUCTION OF INFORMATION FROM

18   THE GOVERNMENT.

19                  HAS THERE BEEN ANY FURTHER COMMUNICATIONS

20   SINCE YOUR REPORT?

21             MR. BIRD:  YOUR HONOR, THERE HAS BEEN

22   COMMUNICATION.  BUT WE'VE YET TO AGREE ON THE -- ON ONE

23   ISSUE.  AND THAT IS, THE PRODUCTION DATE BY THE --

24   PRIOR TO TRIAL BY THE GOVERNMENT.  THAT'S THE ONE ISSUE

25   THAT NEEDS TO BE RESOLVED BY THE COURT AT THIS POINT.
```

1          THE COURT:  BY "TRIAL DATE," ARE YOU REFERRING

2    TO THE ONE PROPOSED IN THE JOINT REPORT OR YOU'RE

3    REFERRING -- TO WHAT DATE ARE YOU REFERRING?

4          MR. BIRD:  NOT THE TRIAL DATE.  THE PRODUCTION

5    OF EVIDENCE TO BE USED AT TRIAL BY THE GOVERNMENT AS

6    REQUIRED BY THE COURT'S ORDER.

7          THE COURT:  NO, I UNDERSTAND.

8          BUT THE STARTING -- ONE OF THE STARTING

9    POINTS IS, WHAT THE TRIAL DATE WILL BE, ISN'T IT?

10          MR. BIRD:  THERE'S NO DISPUTE ABOUT THE TRIAL

11    DATE, YOUR HONOR.

12          THE COURT:  AND THAT'S --

13          MR. BIRD:  FEBRUARY 17.

14          THE COURT:  OKAY.  HAVE YOU -- HAS A WRITTEN

15    STIPULATION AND TIME WAIVER BEEN PREPARED?

16          MS. SCHEMITZ:  NO, YOUR HONOR.

17          THE COURT:  OKAY.  WHEN CAN THAT BE SUBMITTED?

18          MR. BIRD:  IT COULD BE SUBMITTED TODAY, YOUR

19    HONOR.

20          THE COURT:  TODAY.

21          OKAY.  WELL, GET IT SUBMITTED BY MONDAY.

22          MS. SCHEMITZ:  YES, YOUR HONOR.

23          MR. BIRD:  FINE.

24          THE COURT:  BECAUSE YOU HAVE A NUMBER OF

25    SIGNATORIES.

```
 1                    BY WHAT DATE DO YOU PROPOSE, MR. BIRD,

 2     THAT THE GOVERNMENT PRODUCE THE DOCUMENTS IN LIGHT OF

 3     THE FEBRUARY 17 TRIAL DATE?

 4                    MR. BIRD:  WE'RE PROPOSING JANUARY 20TH, YOUR

 5     HONOR.

 6                    AND IF I COULD ADDRESS THAT BRIEFLY, I'LL

 7     EXPLAIN WHAT OUR VERSION OF THE DISPUTE IS.

 8                    THE COURT:  WHAT DATE DOES THE GOVERNMENT

 9     PROPOSE?

10                    MS. SCHEMITZ:  THE COURT REQUIRES A TWO-WEEK

11     PRETRIAL DISCLOSURE DATE, WHICH WOULD BE FEBRUARY 3RD.

12     BUT IN AN EFFORT TO COMPROMISE, THE GOVERNMENT AGREED

13     TO JANUARY 27TH.

14                    THE COURT:  OKAY.  JUST A MINUTE.

15                    MR. BIRD, IS THERE ANY OTHER DEFENSE

16     COUNSEL WHO HAS A DIFFERENT -- ARE YOU SPEAKING FOR

17     ALL?

18                    MR. BIRD:  I BELIEVE I'M SPEAKING FOR

19     EVERYONE, YOUR HONOR.  WE'VE CONFERRED.

20                    THE COURT:  OKAY.  GO AHEAD.

21                    MR. BIRD:  YOUR HONOR, WE UNDERSTAND WHAT THE

22     COURT'S USUAL ORDER IS.  THIS CASE IS UNIQUE.  IT'S

23     DIFFERENT FROM THE CASES.  AND WE'RE ASKING FOR THE

24     COURT TO ORDER EARLIER PRODUCTION FOR A NUMBER OF

25     REASONS.
```

1              FIRST OF ALL, THE SCHEDULE THAT'S BEEN

2   PROPOSED IS A RATHER DELICATE BALANCE BETWEEN THE

3   SPEEDY TRIAL RIGHTS AND THE -- OUR ABILITY TO PROPERLY

4   PREPARE FOR OUR DEFENDANTS.

5              AS YOU -- AS THE COURT IS AWARE, UNDER

6   THE PROPOSED ORDER, MOTIONS IN LIMINE WOULD BE DUE ON

7   FEBRUARY 3RD.

8              IN THIS CASE, WE'RE ASKING FOR THE

9   GOVERNMENT TO PRODUCE ITS EVIDENCE SO THAT WE CAN

10  PREPARE OUR MOTIONS IN LIMINE AND ALSO PREPARE FOR

11  TRIAL TWO WEEKS PRIOR TO THAT.

12            WHY IS IT THAT WE NEED THAT EXTRA -- OR

13  THAT AMOUNT OF TIME?

14         THE COURT:  EXCUSE ME, COULD I ASK YOU A

15  QUESTION?

16         MR. BIRD:  SURE.

17         THE COURT:  WHAT IF THE TRIAL WERE ON FEBRUARY

18  24 AS OPPOSED TO FEBRUARY 17, BUT THE DOCUMENTS THAT

19  THE GOVERNMENT PRODUCED WERE BY JANUARY 27?

20         MR. BIRD:  WELL, FIRST OF ALL, YOUR HONOR, THE

21  DATES THAT WE'VE PROPOSED ARE BASED ON A LOT OF

22  CONFERRING WITH COUNSELS' SCHEDULES AND SO FORTH.  SO

23  IF THE COURT IS SAYING THAT THE 17TH IS NOT

24  AVAILABLE --

25         THE COURT:  NO, I DIDN'T -- I DIDN'T CHECK

```
1    THAT YET, BUT THE -- DID THE -- THE DIFFERENCE HERE IS
2    OVER ONE WEEK.
3              MR. BIRD:  COULD I JUST HAVE A MOMENT, YOUR
4    HONOR?
5              THE COURT:  SURE.
6                   I'M NOT UNWILLING TO DECIDE THE ISSUE.
7    BUT IF THE ONE WEEK ISN'T MATERIAL, THEN IT MAY RESOLVE
8    THE PROBLEM.
9              MR. BIRD:  IT WOULD NORMALLY, YOUR HONOR.  MY
10   UNDERSTANDING IS, THAT A NUMBER OF THE DEFENSE COUNSEL
11   ARE NOT AVAILABLE THAT WEEK.  IN OTHER WORDS --
12             THE COURT:  HOW LONG DO YOU EXPECT THE TRIAL
13   TO TAKE?
14             MR. BIRD:  I WOULD -- I THINK THE ESTIMATE IS
15   AT LEAST TWO WEEKS.
16             THE COURT:  SO THEY'LL HAVE TO BE AVAILABLE
17   THAT WEEK.
18             MR. BIRD:  NO.
19             THE COURT:  I'M SORRY.  I MIXED IT UP.  MY
20   ERROR.
21                   GO AHEAD.
22             MR. BIRD:  I'M TOLD IT'S THE WEEK AFTER THAT
23   CAUSES THE PROBLEM, YOUR HONOR.
24             THE COURT:  JUST A SECOND.
25             MR. BIRD:  IN OTHER WORDS, THE FIRST WEEK OF
```

1    MARCH BECOMES THE PROBLEM, YOUR HONOR.

2              THE COURT:  ONE SECOND.

3                   OKAY.  GO AHEAD.

4              MR. BIRD:  RIGHT.  SO IN THIS CASE, WE'VE

5    ALREADY RECEIVED OVER 24 TERABYTES.  AND THE ONLY WAY I

6    KNOW HOW TO MEASURE THAT IS TO COMPARE IT BY WAY OF THE

7    LIBRARY OF CONGRESS, WHICH IS A COUPLE OF TIMES MORE

8    THAN THE DATA PROVIDED IN THE LIBRARY OF CONGRESS.  SO

9    IT'S A LOT OF DATA THAT WE HAVE TO REVIEW.

10                  AND IN THE MEANTIME, WE HAVE NOT BEEN

11   GIVEN ANY REAL ROAD MAPS BY THE GOVERNMENT AS TO WHAT

12   EVIDENCE -- THERE'S BEEN NO DEMARCATION -- THERE'S BEEN

13   NO IDENTIFICATION OF CRITICAL EVIDENCE.

14                  SO WE'RE MOVING AS QUICKLY AS WE CAN TO

15   GO THROUGH A UNIVERSE OF INFORMATION FOR WHICH WE HAVE

16   NO GUIDEPOSTS.

17                  IF THE GOVERNMENT PROVIDES US A WEEK OR

18   TWO EVEN PRIOR TO OUR MOTIONS IN LIMINE, THAT'S NOT

19   GOING TO BE ENOUGH TIME.

20                  IN ADDITION TO WHICH, THEY HAVE YET TO

21   PROVIDE US WITH A LOT OF INFORMATION WHICH THEY'RE

22   ALREADY OBLIGATED TO PROVIDE US.

23                  THE DISCOVERY PROCESS HAS BEEN

24   COMPLICATED BECAUSE MANY OF THE DOCUMENTS ARE PASSWORD

25   PROTECTED.  WE HAVE TO GO LABORIOUSLY DOCUMENT -- FILE

```
 1    BY FILE AND DOCUMENT BY DOCUMENT REINSERTING PASSWORDS.

 2    THAT SLOWS US DOWN.

 3              WHAT WE'RE SIMPLY ASKING FOR, YOUR HONOR,

 4    IS FOR THE GOVERNMENT WHOSE HAD THIS INFORMATION --

 5    WELL, THE INVESTIGATION STARTED IN 2013.  OUR CLIENTS

 6    WERE INDICTED IN EARLY SEPTEMBER.  BY THE TIME

 7    PRODUCTION FOR TRIAL PURPOSES WILL BE MADE, THEY WILL

 8    HAVE HAD OVER FOUR -- BETWEEN FOUR AND FIVE MONTHS TO

 9    PROVIDE US WITH A DEFINITIVE LIST OF WHAT EVIDENCE

10    THEY'RE GOING TO USE.

11              THE COURT:  WHAT'S THE AMOUNT OF DATA -- HOW

12    MANY TERABYTES HAVE BEEN PROVIDED TO YOU THUS FAR,

13    APPROXIMATELY?

14              MR. BIRD:  APPROXIMATELY 24 TERABYTES, YOUR

15    HONOR.  OVER 200,000 DOCUMENTS.

16              THE COURT:  DO YOU HAVE ANY ESTIMATE OF WHAT

17    THE -- HAVE YOU BEEN TOLD THE ESTIMATE OF THE REMAINING

18    DOCUMENTS QUANTITY?

19              MR. BIRD:  I DON'T KNOW THAT WE HAVE A

20    SPECIFIC DELINEATION OF WHAT REMAINING DOCUMENTS -- THE

21    SIZE OF THE REMAINING DOCUMENTS.

22              WHAT WE DO KNOW, AND WHAT WE'VE ASKED

23    THEM FOR, AND WE'VE ASKED THEM FOR EVEN RECENTLY, AND

24    WHAT, FRANKLY, WE'RE GOING TO BE MAKING A MOTION TO THE

25    COURT ABOUT IS, THAT THEY HAVEN'T PROVIDED US WITH
```

1    CRUCIAL PIECES OF EVIDENCE, THE NAME OF THE INFORMANT,

2    COMMUNICATIONS BETWEEN THE INFORMANT.  AND THIS IS

3    GOING TO BE A CRITICAL ISSUE IN THIS CASE, YOUR HONOR.

4    COMMUNICATIONS BETWEEN THE INFORMANT AND THE

5    GOVERNMENT, COMMUNICATIONS BETWEEN THE INFORMANT AND

6    THE SO-CALLED "PESO BROKERS," THE INFORMATION RELATED

7    TO THE INFORMANT'S DEALS WITH THE GOVERNMENT, AGENTS'

8    NOTES, THERE ARE A NUMBER OF PIECES OF EVIDENCE --

9    CRUCIAL EVIDENCE FOR OUR MOTIONS AND FOR OUR DEFENSE OF

10   OUR CLIENTS WHICH HAVE YET TO BE PRODUCED AND WHICH

11   WE'VE ASKED FOR.

12              IF WE'RE GOING TO GET THIS AT THE LAST

13   MINUTE, IT'S ONLY GOING TO COMPLICATE.  AND, FRANKLY,

14   IT'S GOING TO IMPLICATE THE FAIRNESS OF THE TRIAL FOR

15   OUR CLIENTS.  SO WE'RE ASKING FOR THAT ONE EXTRA WEEK

16   FOR THOSE PURPOSES.

17              THE COURT:  THANK YOU.

18              ANY OTHER DEFENSE COUNSEL WANT TO ADD

19   ANYTHING?

20              ONE SECOND.  JUST ONE SECOND, PLEASE.

21              MS. SCHEMITZ, LET ME HEAR FROM YOU,

22   PLEASE.

23              MS. SCHEMITZ:  YES, YOUR HONOR.  YOUR HONOR --

24              THE COURT:  DO YOU HAVE AN ESTIMATE OF THE

25   REMAINING QUANTITY OF DATA THAT WILL BE PRODUCED?

1          MS. SCHEMITZ:  I DO NOT, YOUR HONOR.  BUT I

2     CAN TELL YOU THAT I DON'T BELIEVE IT WILL BE

3     PARTICULARLY VOLUMINOUS BECAUSE WE HAVE TURNED OVER

4     EVERYTHING THAT IS NOW IN OUR POSSESSION, WITH THE

5     EXCEPTION OF A FEW ITEMS THAT HAVE BEEN COMING IN OVER

6     THE LAST WEEK OR SO.

7          YOU KNOW, I REALLY HAVE TO OBJECT TO WHAT

8     MR. BIRD SAID.  IT'S NOT TRUE THAT WE HAVE FAILED TO

9     PRODUCE DISCOVERY.  NOT ONLY HAVE WE PRODUCED

10    EVERYTHING TO WHICH THE DEFENDANTS ARE ENTITLED, WE

11    HAVE PRODUCED MUCH MATERIAL TO WHICH THEY ARE NOT

12    ENTITLED.  AND THAT WOULD INCLUDE REPORTS, STATEMENTS

13    OF WITNESSES, NOTES OF AGENTS.

14          BY THE WAY, THEY HAVE ALL OF THE NOTES OF

15    THE AGENTS THAT WE HAVE IN OUR CUSTODY.  AND WE DO NOT

16    PRESENTLY KNOW OF ANY OTHER NOTES OF AGENTS.

17          FOR OBVIOUS REASONS, I DO NOT WANT TO

18    TURN OVER THE NAME OF THE INFORMANT AT THIS TIME.  BUT,

19    OBVIOUSLY, THAT WILL COME TO PASS PRIOR TO TRIAL.

20          THE COURT:  BY WHAT DATE -- GIVEN THE CURRENT

21    PROPOSED TRIAL DATE, BY WHAT DATE DO YOU PROPOSE TO

22    DISCLOSE THE NAME OF THE INFORMANT?

23          MS. SCHEMITZ:  10 DAYS PRIOR TO TRIAL.

24          THE COURT:  AND WOULD THAT BE THE SAME DATE ON

25    WHICH YOU WOULD DISCLOSE THE OTHER INFORMANT-RELATED

```
1    MATTERS THAT MR. BIRD MENTIONED?

2             MS. SCHEMITZ:  THOSE MATTERS HAVE ALREADY BEEN

3    DISCLOSED.

4             THE COURT:  THE BENEFITS --

5             MS. SCHEMITZ:  THE PAYMENT SCHEDULE, BENEFITS

6    TO THE INFORMANT, SUCH AS THEY ARE, HAVE ALREADY BEEN

7    DISCLOSED.

8             THE COURT:  YOU SAY THE AGENT NOTES HAVE BEEN

9    DISCLOSED?

10            MS. SCHEMITZ:  YES, THEY HAVE.

11            THE COURT:  HAVE THE COMMUNICATIONS BETWEEN

12   THE INFORMANT AND ANY OTHER PERSON BEEN DISCLOSED?

13            MS. SCHEMITZ:  THAT IS -- THAT IS SOMEWHAT

14   PROBLEMATIC.  THE COMMUNICATIONS BETWEEN THE INFORMANT

15   AND THE FEDERAL AGENTS HAVE BEEN DISCLOSED.

16               WHAT HAS BEEN DIFFICULT FOR US TO FIND IS

17   THE COMMUNICATIONS BETWEEN THE INFORMANT AND THEIR

18   ORIGINAL HANDLERS WHO WERE THE STATE AGENTS.  THOSE

19   AGENTS, UNFORTUNATELY, HAVE A SYSTEM IN WHICH THEIR

20   E-MAILS ARE DESTROYED PRETTY SOON AFTER THEY ARE

21   CREATED.  SO WE'RE DOING OUR BEST TO RECREATE WHAT WE

22   CAN.  BUT SO FAR, WE'RE NOT HAVING MUCH LUCK WITH THAT.

23            THE COURT:  DO YOU HAVE ANY TIME ESTIMATE AS

24   TO WHEN YOU'LL KNOW WHETHER OR NOT THOSE THINGS CAN BE

25   OBTAINED?
```

1          MS. SCHEMITZ:  NO, I DON'T, YOUR HONOR.

2          THE COURT:  DO YOU THINK YOU'LL KNOW?  DO YOU

3   HAVE A DATE BY WHICH YOU THINK YOU WILL KNOW IF THOSE

4   MATERIALS CAN BE SALVAGED?

5          MS. SCHEMITZ:  NO.

6          THE COURT:  JUST A MINUTE.

7          MS. SCHEMITZ:  BUT I CAN TRY TO OBTAIN A DATE.

8          THE COURT:  JUST A MINUTE.

9          OKAY.  AT THE MOMENT, THE ONLY MATERIAL

10   THAT YOU BELIEVE THE GOVERNMENT HAS THAT IT'S NOT

11   DISCLOSING IS THE NAME OF THE INFORMANT?

12          MS. SCHEMITZ:  THAT'S CORRECT.

13          THE COURT:  AND ALL OTHER INFORMATION THAT YOU

14   HAVE HAS BEEN DISCLOSED?

15          MS. SCHEMITZ:  OR IS ON ITS WAY TO BE

16   DISCLOSED WITHIN -- SHORTLY.

17          THE COURT:  SOON?

18          MS. SCHEMITZ:  YES.  IN OTHER WORDS --

19          THE COURT:  BY "SHORTLY," YOU MEAN WHEN?

20          MS. SCHEMITZ:  I MEAN WITHIN A COUPLE OF DAYS.

21          I THINK ONE OF THE ISSUES HAS BEEN THAT

22   THE DEFENSE IS DISTURBED BY THE PIECE-MEAL FASHION OF

23   DISCOVERY.

24          BUT THE PROBLEM IS, THAT THE GOVERNMENT

25   HAS BEEN TRYING TO DISCLOSE EVERYTHING AS SOON AS IT

1     COMES INTO OUR CUSTODY.  AND SO HAVING DONE THAT, IT IS

2     PIECE BY PIECE BY PIECE.  AND IT'S NOT, PERHAPS, AS

3     ORGANIZED AS THEY WOULD LIKE IT TO BE; BUT WE ARE

4     TRYING VERY HARD TO GET EVERYTHING OUT QUICKLY.

5            THE COURT:  SO JUST TO BE CLEAR, THERE'S AN

6     EFFORT BEING MADE TO RETRIEVE CERTAIN E-MAILS THAT WERE

7     MAINTAINED IN A STATE OF CALIFORNIA COMPUTER SYSTEM?

8            MS. SCHEMITZ:  CORRECT.

9            THE COURT:  OTHER INFORMATION THAT YOU HAVE

10    WILL BE PRODUCED WITHIN THE NEXT WEEK?

11           MS. SCHEMITZ:  YES.

12           THE COURT:  AND OTHER THAN THOSE TWO THINGS,

13    THERE'S NO OTHER INFORMATION OF WHICH YOU ARE PRESENTLY

14    AWARE, OTHER THAN THE NAME OF THE INFORMANT, THAT YOU

15    THINK THE GOVERNMENT HAS AN OBLIGATION TO PRODUCE?

16           MS. SCHEMITZ:  THERE'S NOTHING IN OUR CUSTODY

17    AND CONTROL AT THIS TIME THAT WE HAVE AN OBLIGATION TO

18    PRODUCE THAT HAS NOT BEEN PRODUCED.

19           THE COURT:  OKAY.  JUST A MINUTE.

20             MR. BIRD ALSO MADE REFERENCE TO PASSWORD

21    PROTECTIONS WITHIN DOCUMENTS.

22             ARE YOU FAMILIAR WITH THAT?

23           MS. SCHEMITZ:  I'M NOT.

24             THE MATERIAL THAT I HAVE HAS ONE PASSWORD

25    WHICH OPENS THE ENTIRE HARD DRIVE.  SO I'M NOT SURE WHY

```
 1    THEY'RE HAVING THIS TECHNICAL PROBLEM OF HAVING TO USE

 2    IT EVERY TIME THEY OPEN A DOCUMENT.  I DON'T THINK IT

 3    WAS INTENTIONAL, CERTAINLY.  AND WE CAN TRY TO --

 4              THE COURT:  MAYBE YOUR I.T. PEOPLE CAN

 5    COMMUNICATE AND WORK THAT OUT.

 6              OKAY.  ANYTHING ELSE YOU WANTED TO ADD?

 7              MS. SCHEMITZ:  NO, YOUR HONOR.

 8              THE COURT:  OKAY.

 9              MS. SCHEMITZ:  THERE WAS ONE THING, YOUR

10    HONOR.  YOUR HONOR, WITH RESPECT TO THE DISCOVERY

11    DEADLINE PRIOR TO TRIAL, THE REASON THIS IS IMPORTANT

12    TO THE GOVERNMENT IS BECAUSE --

13              THE COURT:  YOU'RE TALKING NOW ABOUT THE DATE

14    OF DISCLOSURE OF THE INFORMANT'S NAME?

15              MS. SCHEMITZ:  NO.

16              I'M TALKING ABOUT THE ISSUE OF

17    DISCOVERABLE MATERIAL OR MATERIAL THAT IS -- SHOULD BE

18    DISCLOSED OUTSIDE THE AMBIT OF RULE 16 THAT IS

19    DISCOVERED BY THE GOVERNMENT IN THE RUN-UP TO TRIAL.

20    AND I KNOW THE COURT KNOWS THAT.  MAYBE NOT IN CIVIL

21    TRIALS, BUT CERTAINLY IN CRIMINAL TRIALS WHEN

22    QUESTIONING WITNESSES AND PREPARING PEOPLE TO GO ON THE

23    WITNESS STAND, FREQUENTLY ITEMS ARE UNCOVERED THAT THE

24    GOVERNMENT DIDN'T KNOW ABOUT PRIOR.  AND IN ORDER TO BE

25    ABLE TO USE THOSE ITEMS, I UNDERSTAND THE COURT WOULD
```

1    REQUEST A MOTION IN LIMINE AND EXPLANATION OF WHAT THE

2    ITEM IS AND WHY IT WASN'T PREVIOUSLY IN OUR CUSTODY.

3    AND I HAVE -- I HAVE NO PROBLEM WITH THAT.  I'M JUST

4    CONCERNED THAT BY MOVING THE DATE OUT AWAY FROM THE

5    TRIAL DATE, IT LEAVES A GREATER POCKET OF TIME WHEN THE

6    GOVERNMENT HAS THE GREAT POSSIBILITY OF COMING ACROSS

7    MATERIAL THAT THEY DIDN'T HAVE BEFORE, CERTAINLY RIGHT

8    IN THE RUN-UP TO TRIAL, AND WON'T HAVE DISCLOSED IT AND

9    WILL HAVE TO WRITE A MOTION.

10              THE COURT:  OKAY.

11              MR. BIRD:  YOUR HONOR --

12              THE COURT:  JUST A MINUTE.

13                   AT THIS TIME, THERE'S DOCUMENTS THAT YOU

14   PLAN TO PRODUCE SOON.  THERE'S THE NAME OF THE

15   INFORMANT, WHICH IS A DISPUTED ISSUE AS TO WHEN IT WILL

16   BE PROVIDED.  THERE'S THE EFFORT TO RECOVER DOCUMENTS.

17                   OTHER THAN THAT, YOU'RE NOT AWARE,

18   PRESENTLY, OF ANY OTHER MATERIALS THAT WOULD -- WHOSE

19   PRODUCTION IS REQUIRED; CORRECT?

20              MS. SCHEMITZ:  THAT'S CORRECT.

21              THE COURT:  SO NOW YOU'RE SPEAKING ABOUT IF,

22   IN THE FUTURE, YOU WERE TO LOCATE -- FIND SUCH

23   MATERIALS?

24              MS. SCHEMITZ:  CORRECT.

25              THE COURT:  WHY COULDN'T THAT BE ADDRESSED BY

```
1   DOING THE WORK YOU WOULD DO WITH THE WITNESSES, YOU
2   KNOW, AS IF THE TRIAL WERE GOING TO COMMENCE A WEEK
3   SOONER?
4           MS. SCHEMITZ:  WELL, IT WILL BE.  BUT MY -- IN
5   MY EXPERIENCE, FREQUENTLY AT THE LAST MINUTE THINGS ARE
6   DISCOVERED OR A WITNESS WILL GIVE A LEAD THAT WASN'T
7   PREVIOUSLY KNOWN THAT MAKES YOU WANT TO GO SEEK, SAY,
8   PHONE RECORDS OR SOMETHING.
9           THE COURT:  OKAY.  I UNDERSTAND.
10           BUT MY POINT IS, THAT CURRENTLY THE DATE
11   IS SET BASED ON THE TRIAL DATE.  AND YOU -- THEREFORE,
12   SOME OF THE THINGS YOU'RE DESCRIBING WOULD OCCUR
13   BECAUSE THE TRIAL DATE IS COMING ALONG AND YOU'RE
14   PREPARING WITNESSES.
15           I'M JUST SUGGESTING THAT, GIVEN THAT THE
16   DISPUTE HERE IS OVER SEVEN DAYS, IF YOU STARTED
17   SOMEWHAT EARLIER, THAN THESE THINGS YOU'RE DESCRIBING
18   WOULD BE DISCOVERED THAT MUCH SOONER.
19           MS. SCHEMITZ:  THE DISPUTE IS OVER SEVEN DAYS
20   BECAUSE I ALREADY COMPROMISED BY A WEEK.  THEY ASKED
21   FOR A MONTH.
22           THE COURT:  OKAY.  MR. BIRD, DID YOU SAY
23   EARLIER THAT YOU ARE PLANNING TO BRING A MOTION WITH
24   RESPECT TO THE TIMING OF THE PRODUCTION OF THE
25   DISCLOSURE OF THE INFORMANT'S NAME?
```

1          MR. BIRD:  IF -- WE DO INTEND TO BRING A

2     DISCOVERY MOTION, YOUR HONOR.

3               THE COURT:  ON THAT ISSUE?

4          MR. BIRD:  THAT MAY BE ONE OF THE ISSUES, YES.

5               THE COURT:  WELL, YOU DON'T KNOW?

6          MR. BIRD:  WELL, WE HAVE BEEN TOLD THAT WE'RE

7     GOING TO GET THE IDENTITY OF THE INFORMANT.  WE'VE BEEN

8     TOLD WE WERE GOING TO GET A LOT OF THINGS, AND IT

9     HASN'T HAPPENED.

10              THE COURT:  MY QUESTION IS STRAIGHTFORWARD.

11    PRESENTLY THE SCHEDULE CALLS FOR THE PRODUCTION OF

12    INFORMATION, INCLUDING THE INFORMANT'S NAME BY A

13    SPECIFIC DATE.

14                   SO ALL I'M ASKING IS, DO YOU PRESENTLY

15    PLAN TO BRING A MOTION TO REQUIRE THAT THAT BE RELEASED

16    EARLIER, OR IS TODAY'S APPLICATION -- ORAL APPLICATION

17    FOR THE ONE-WEEK REMEDY WHAT YOU'RE SEEKING?  I WANT TO

18    MAKE SURE I UNDERSTAND.

19              MR. BIRD:  MY UNDERSTANDING IS, THAT WE WILL

20    BE FILING A MOTION SEEKING THE IDENTITY OF THE

21    INFORMANT PRIOR TO THE ONE WEEK THAT WE'RE ASKING FOR.

22              THE COURT:  OKAY.  SO THAT ISSUE IS GOING TO

23    BE TEED UP IN THAT WAY.  THAT'S THE WAY TO HAVE THAT

24    DECIDED.  THAT MAKES SENSE.

25              MR. BIRD:  IF THAT'S WHAT'S REQUIRED, THEN,

1    YES, THAT MAKES SENSE, YOUR HONOR.

2         THE COURT:  I'M NOT REQUIRING IT.  I'M SAYING,

3    IF THAT'S WHAT'S PLANNED, WHY NOT DO IT THAT WAY.  YOU

4    CAN EACH BRIEF IT, AND I CAN CONSIDER IT.

5         MR. BIRD:  THAT'S FINE, YOUR HONOR.

6              IF I COULD ADDRESS A COUPLE OF POINTS

7    THAT --

8         THE COURT:  JUST A SECOND.

9              I THINK THEN -- JUST IN TERMS OF

10   NARROWING THIS DISPUTE, I THINK IT THEN TURNS TO

11   DOCUMENTS THAT HAVEN'T YET BEEN -- DOCUMENTS THE

12   GOVERNMENT DOESN'T HAVE, BUT THINKS IT MIGHT HAVE IN

13   THE FUTURE.

14        MR. BIRD:  WELL, THERE'S -- UNFORTUNATELY,

15   THERE'S A DISAGREEMENT AS TO WHAT'S BEEN PRODUCED.

16              PART OF THE PROBLEM WE HAVE IS, THAT

17   THERE REALLY HAS BEEN A DATA DUMP HERE.  WE DON'T

18   HAVE -- I DON'T EVEN THINK THE GOVERNMENT KNOWS WHAT IT

19   HAS PRODUCED.  SO IT SAYS, WE'VE PRODUCED EVERYTHING.

20   THEREFORE, WE'VE PRODUCED THE NOTES, FOR INSTANCE,

21   OF -- AGENCY NOTES.  WE DON'T KNOW WHETHER WE HAVE

22   THOSE OR NOT BECAUSE IT'S JUST BEEN DUMPED ON US.  SO

23   IT'S EASY FOR THEM TO SAY THAT.

24              WHAT'S IRONIC ABOUT THAT IS, IF THEY

25   ALREADY PRODUCED THIS, THERE WOULD NOT BE AN ISSUE

1    HERE.  WHY NOT GIVE US THE EXTRA WEEK IF IT'S ALL BEEN

2    PRODUCED TO US WITH THE EXCEPTION OF THE CONFIDENTIAL

3    INFORMANT'S NAME?  THEN ALL THE AUSA HAS TO DO IS TO

4    DEMONSTRATE THAT, IF SHE'S CONCERNED THAT THERE MIGHT

5    BE SOMETHING DEVELOPED PRIOR TO TRIAL IN HER

6    PREPARATION, THAT IT WAS BELATED, WELL, SHE CAN COME IN

7    AND MAKE THAT SHOWING.  IT HAPPENS ALL THE TIME.

8    THERE'S NO REAL HARDSHIP ON THE GOVERNMENT IF IT HAS

9    ALREADY PRODUCED EVERYTHING TO US.

10             THE COURT:  JUST A MINUTE.

11             GO AHEAD, MR. BIRD.

12             MR. BIRD:  TWO OR THREE QUICK POINTS, YOUR

13   HONOR.  THERE'S A PROTECTIVE ORDER THE COURT SIGNED.

14   SO THERE'S NO REASON WHY WE SHOULDN'T BE -- THE

15   GOVERNMENT SHOULDN'T PROVIDE US WITH THIS INFORMANT'S

16   IDENTITY, FRANKLY, AS SOON AS POSSIBLE.

17             SECOND OF ALL, A COUPLE OF DISPUTES WE

18   HAVE WITH THE GOVERNMENT'S STATEMENT THIS MORNING.

19   FIRST OF ALL, SHE SAYS THAT WE'VE PROVIDED -- SHE'S

20   PROVIDED US WITH ALL THE NOTES.  THE AMOUNT OF NOTES

21   THAT WE HAVE RELATED TO COMMUNICATIONS WITH THE

22   CONFIDENTIAL INFORMANT ARE MINUSCULE.  IF THOSE ARE --

23   IF THE GOVERNMENT IS REPRESENTING THIS MORNING THAT

24   WE'VE -- THAT ALL SUCH COMMUNICATIONS HAVE BEEN

25   PRODUCED TO US, THAT'S AN IMPORTANT POINT THAT WILL BE

1    ADDRESSED LATER ON.

2            THE COURT:  I DON'T KNOW THE ANSWER.  BUT I

3    DID HEAR THERE WERE E-MAILS, THAT THEY'RE BEING

4    SEARCHED FOR.

5            MR. BIRD:  YEAH, AND THAT'S ANOTHER IMPORTANT

6    POINT OF INFORMATION THAT WE'RE JUST GETTING.

7            THE THIRD POINT I WANT TO MAKE IS THIS:

8    THAT THERE ARE -- THERE IS A DISPUTE AS TO WHAT HAS NOT

9    BEEN PRODUCED TO US.  WE SENT A LETTER TO THE

10   GOVERNMENT YESTERDAY IDENTIFYING VARIOUS PIECES OF

11   DISCOVERY WHICH WE'VE -- HAVE NOT BEEN PRODUCED TO US,

12   INCLUDING STATE SEARCH WARRANTS.

13           THE COURT:  HAS THE GOVERNMENT RESPONDED TO

14   YESTERDAY'S LETTER?

15           MR. BIRD:  NO.  BUT THEY HAVE IN A SENSE --

16           THE COURT:  IS NOW THE TIME FOR ME TO BE

17   DISCUSSING THIS WITH YOU THEN?

18           MR. BIRD:  WELL, ONLY TO THIS POINT, YOUR

19   HONOR:  WE'VE HEARD THIS MORNING THAT PRODUCTION HAS

20   BEEN MADE.  AND WHAT WE'RE SAYING TO YOU IS, WE JUST --

21           THE COURT:  LET ME SAY THIS:  NUMBER ONE, I

22   DON'T TAKE ORAL MOTIONS AS A GENERAL MATTER.

23           NUMBER TWO, I DON'T TAKE DISCOVERY

24   MATTERS AND DISPUTES UNTIL YOU HAVE MET AND CONFERRED

25   ABOUT THEM.  IT'S A WASTE OF EVERYONE'S TIME.

1          MR. BIRD:  YOUR HONOR, EXCUSE ME, I APOLOGIZE.

2     I WASN'T CLEAR EARLIER.  WE'RE NOT ASKING THE COURT TO

3     RULE ON DISCOVERY THIS MORNING.

4          THE COURT:  NO, BUT YOU'RE SAYING YOU WROTE A

5     LETTER YESTERDAY.  YOU HAVEN'T RECEIVED A RESPONSE.

6     AND, THEREFORE, YOU HAVE A DISPUTE BECAUSE YOU THINK

7     THE GOVERNMENT HAS SAID IT HAS GIVEN YOU ALL THAT YOU

8     WANT.

9          MR. BIRD:  THE PURPOSE --

10          THE COURT:  I DON'T THINK -- I THINK IT'S

11     PREMATURE, AND YOU SHOULD SPEND SOME TIME WORKING

12     COLLABORATIVELY.  AND IF YOU DISAGREE, COME BACK.

13          MR. BIRD:  AND WE WILL, YOUR HONOR.

14               THE ONLY REASON THAT I RAISE IT IS NOT TO

15     HAVE IT RESOLVED THIS MORNING, BUT ONLY TO DEMONSTRATE

16     TO THE COURT THAT WE DO NEED THAT EXTRA WEEK SO THAT,

17     WHEN WE FILE OUR MOTIONS IN LIMINE, THEY WILL BE

18     COMPLETE AND PRECISE.

19          THE COURT:  ALL RIGHT.  I THINK I GOT IT.

20     THANK YOU, MR. BIRD.

21               ANYONE ELSE WANT TO -- ANY OTHER DEFENSE

22     COUNSEL HAVE SOMETHING TO ADD?

23               MS. SHEMITZ, ANYTHING MORE TO ADD?

24          MS. SHEMITZ:  NO, YOUR HONOR.

25          THE COURT:  IF YOU LOOK AT THE CURRENT

1    SCHEDULE, IT'S SOMEWHAT REVEALING BECAUSE THE CURRENT

2    SCHEDULE -- WELL, UNDER THE CURRENT ORDER, IF THE

3    GOVERNMENT WERE ORDERED TO PRODUCE THE DOCUMENTS ANY

4    ADDITIONAL -- WHAT THE GOVERNMENT CONTENDS IS ANY

5    ADDITIONAL DOCUMENTS -- AND I RECOGNIZE THERE MAY BE A

6    DISPUTE AS TO WHETHER THE GOVERNMENT HAS PRODUCED ALL

7    OF ITS DOCUMENTS AT THIS TIME.

8                    BUT UNDER THE CURRENT SCHEDULE -- EXCUSE

9    ME.

10                   UNDER THE PROPOSED SCHEDULE OF JANUARY

11   20, 2015 FOR THE PRODUCTION, THE DEFENDANTS' MOTIONS IN

12   LIMINE ARE DUE ON THE 22ND, TWO DAYS LATER.

13                   IF THE GOVERNMENT'S DATE OF JANUARY 27 IS

14   FOLLOWED, IT'S AFTER THE DATE THE MOTIONS IN LIMINE ARE

15   DUE.

16            MR. BIRD:  EXCUSE ME, YOUR HONOR.  THE STATUS

17   REPORT LAYS OUT THE PROPOSED SCHEDULE.  THE MOTIONS IN

18   LIMINE WOULD BE DUE ON FEBRUARY 3RD.

19            THE COURT:  DID I ADOPT THAT ORDER?

20            MS. SHEMITZ:  NO.

21            MR. BIRD:  NO.

22            THE COURT:  OKAY.  IN MY NORMAL ORDER, NORMAL

23   PROCESS, IT WOULD BE REQUIRED BY THE 22ND.  SO IT SEEMS

24   TO ME -- AGAIN, SOME OF THIS, I THINK, IS PREMATURE;

25   BUT MY VIEW IS THIS:

1                 CERTAINLY SOME OF THE MOTIONS IN LIMINE

2     THAT ARE PLANNED, AS WELL AS SOME OF THE TRIAL

3     PREPARATION, CAN BE UNDERTAKEN NOW BECAUSE, ACCORDING

4     TO THE GOVERNMENT AT LEAST, YOU HAVE MANY DOCUMENTS.

5     AND MAYBE ACCORDING TO THE GOVERNMENT, MAYBE ALL THE

6     DOCUMENTS OTHER THAN THOSE THAT IT'S GOING TO BE

7     PRODUCING IN THE NEXT SEVERAL DAYS, PLUS THE

8     POSSIBILITY OF ADDITIONAL E-MAILS THAT MAY BE FOUND

9     NOTWITHSTANDING THEIR DELETION.  SO SOME WORK CAN

10    COMMENCE NOW.

11                AND THE KEY ISSUE THEN IS, IS THERE A

12    MOTION IN LIMINE THAT WOULD BE NECESSARY BASED ON THE

13    FINAL PRODUCTION BY THE GOVERNMENT, INCLUDING OF THE

14    TYPE OF MATERIALS THAT YOU SPOKE OF, MS. SHEMITZ?  AND

15    I THINK THE SOLUTION HERE IS ONE OF TWO THINGS.

16    PRODUCE THE DOCUMENTS ON JANUARY 23, 2015.  THAT IS TO

17    SAY, THESE ADDITIONAL ONES.  FILE THE MOTIONS IN

18    LIMINE -- ANY ADDITIONAL MOTIONS IN LIMINE THAT ARE

19    WARRANTED BY ANY SUPPLEMENTAL PRODUCTION OR ANY

20    SUPPLEMENT TO A PREVIOUSLY-FILED MOTION IN LIMINE WHERE

21    THE SUPPLEMENT IS WARRANTED BY THE ADDITIONAL

22    PRODUCTION, FILE THOSE BY THE 27TH.  AND THE GOVERNMENT

23    SHOULD FILE ITS RESPONSE BY THE 30TH.  AND THE REPLY,

24    IF ANY, BY THE 2ND.  WE HAVE HEARING ON THE 5TH.

25               AND TO THE EXTENT THAT THE GOVERNMENT'S

1    PRODUCTION ON THE 27TH -- PARDON ME, ON THE 23RD IS

2    VERY LARGE, THEN I MAY WANT TO -- I'LL PROBABLY ADAPT

3    IN TERMS OF THE BRIEFING SCHEDULE.  THAT'S CONSISTENT

4    WITH HOW IT WOULD BE DONE ANYWAY.  IT'S NOT MUCH OF A

5    CHANGE.

6               MEANWHILE, IF THE SCHEDULES OF THOSE WHO

7    ARE UNAVAILABLE THE WEEK OF -- THE FIRST WEEK OF MARCH

8    SHOULD CHANGE, WHICH THEY MAY BETWEEN NOW AND MARCH,

9    THAT WOULD BE ANOTHER POSSIBILITY.  WE'LL JUST START

10   THE TRIAL A WEEK LATER.  IF THERE'S BEEN -- THAT'S MY

11   THINKING.

12               AND I DON'T MEAN TO GET IMPATIENT; BUT

13   SOME OF THIS, I THINK, YOU CAN PROBABLY SORT OUT.

14               AND, BY THE WAY, I WANT THE GOVERNMENT TO

15   PROVIDE TECHNICAL ASSISTANCE, IF NEEDED, IN TERMS OF

16   HOW TO ACCESS THE DOCUMENTS THAT HAVE BEEN PRODUCED SO

17   THAT THE METHOD THAT THE GOVERNMENT IS ABLE TO USE TO

18   GET INTO THE DOCUMENTS WITH THE SINGLE PASSWORD IS

19   AVAILABLE TO THE DEFENSE.  BUT THAT SEEMS TO ME

20   SOLVABLE NOT BY -- I THINK SO.  THAT'S -- RIGHT?

21               MR. BIRD, WHAT ABOUT THAT APPROACH?

22          MR. BIRD:  WELL, WE APPRECIATE THE -- WE

23   APPRECIATE THE COURT'S COMMENTS.  I THINK THAT APPROACH

24   IS WORKABLE ASSUMING THAT THE FOUR DAYS THAT WE HAVE TO

25   FILE IS GOING TO BE SUFFICIENT.  WE MAY HAVE TO ADDRESS

```
 1    THAT WITH THE COURT AT THE TIME.
 2              THE COURT:  THAT'S FINE IF WE NEED TO.
 3              MR. BIRD:  IT'S -- IT'S SHORT.
 4              THE COURT:  I UNDERSTAND.
 5              MR. BIRD:  IT REALLY DEPENDS UPON HOW MUCH
 6    ISN'T -- HASN'T BEEN PROVIDED AND HASN'T BEEN
 7    IDENTIFIED.
 8              THE COURT:  NO, I AGREE WITH YOU.
 9                   IF THE GOVERNMENT PRODUCES A HUGE AMOUNT
10    OF MATERIALS, THEN YOU'RE GOING TO SAY, WE CAN'T DO
11    THIS IN TWO DAYS.  AND YOU MAY MAKE OTHER OBJECTIONS.
12              MR. BIRD:  WE FULLY HOPE WE WILL GET A
13    RESPONSE, I'M SURE WE WILL, TO THE LETTER WE HAVE
14    WRITTEN, AND THAT WE CAN MEET AND CONFER AND RESOLVE
15    THIS AND AVOID DISCOVERY MOTIONS.  WE INTEND TO
16    CONTINUE, ON OUR SIDE, TO WORK THIS OUT WITH THE
17    GOVERNMENT.
18              THE COURT:  NO, I KNOW YOU WILL.
19                   AND I KNOW YOU WILL TOO; RIGHT,
20    MS. SHEMITZ?
21                   I MEAN, IT'S -- IT'S -- YOU'VE ALL BEEN
22    DOING THIS LONG ENOUGH THAT YOU CAN DO THIS.
23                   BUT, NO, I DO WANT TO KNOW.  AND WHAT
24    I'LL DO IS, SET A STATUS CONFERENCE IN 30 DAYS, HOW
25    ABOUT THAT, AND SEE WHERE THINGS STAND?
```

```
1              MR. BIRD:  THAT'S HELPFUL, YOUR HONOR.
2              THE COURT:  THEN IF THERE'S -- SO WE DON'T GET
3    STUCK, ALL OF US, AT THE LAST MINUTE WITH SOME ISSUE --
4              MR. BIRD:  THAT IS VERY MUCH APPRECIATED, YOUR
5    HONOR.
6              THE COURT:  -- THAT CONFLICTS WITH THE TRIAL.
7                   DECEMBER 4?
8              MS. SHEMITZ:  I WON'T BE HERE THAT WEEK.
9              THE COURT:  OKAY.
10             MS. SHEMITZ:  CAN WE HAVE IT THE FOLLOWING
11   WEEK?
12             THE COURT:  ARE YOU AVAILABLE ON DECEMBER 11?
13             MS. SHEMITZ:  YES, YOUR HONOR.
14             THE COURT:  ARE YOU, MR. BIRD AND MS. JOHNSTON
15   AND OTHERS?
16             MR. BIRD:  WE WILL BE AVAILABLE.
17             THE COURT:  OKAY.  I'LL HAVE A STATUS
18   CONFERENCE ON THE DISCOVERY PROCESS.
19             MS. JOHNSTON:  DECEMBER 11 IS FINE, YOUR
20   HONOR.
21             THE COURT:  THANK YOU, MS. JOHNSTON.
22                   DECEMBER 11 AT 8:30.
23                   ACTUALLY, MAYBE WE'LL DO IT AT --
24   ACTUALLY, LET'S DO IT AT 10:00 BECAUSE I HAVE TO DO --
25   I DO THE CUSTODIES FIRST.  THEN YOU WON'T HAVE TO WAIT.
```

```
1    10:00 O'CLOCK.

2                    GET ME A REPORT A WEEK BEFORE, PLEASE.

3                    AND IF YOU TELL ME THERE'S NOTHING REALLY

4    TO TALK ABOUT, THEN YOU DON'T NEED TO COME IN.

5               MR. BIRD:  PERFECT.  THAT'S VERY MUCH

6    APPRECIATED, YOUR HONOR.

7               THE COURT:  IT'S NOT A BIG DEAL ON MY PART.

8               MR. BIRD:  ESPECIALLY THE 10:00 A.M.

9               THE COURT:  NO, I UNDERSTAND.  BUT I -- YOU

10   KNOW, WE DO THE CUSTODIES FIRST BECAUSE THAT'S --

11   THAT'S EFFICIENT.

12                   OKAY.  ANYTHING ELSE WE NEED TO DO TODAY?

13              MS. SHEMITZ:  NO, YOUR HONOR.

14              THE COURT:  PLEASE DO THAT.  GET ON THIS

15   COMPUTER STUFF.  THANK YOU VERY MUCH.

16              MR. BIRD:  THANK YOU, YOUR HONOR.

17              MR. LIGHTFOOT:  ONE HOUSEKEEPING MATTER?

18                  I WOULD ASK THE COURT'S PERMISSION TO

19   ALLOW MR. KHALILI TO TRAVEL TO AND FROM LAS VEGAS ON

20   BUSINESS DURING THE COURSE OF THESE PROCEEDINGS?

21              MS. SHEMITZ:  NO OBJECTION, YOUR HONOR.

22              THE COURT:  ALL RIGHT.  IS HE BEING OVERSEEN

23   BY ANYONE?

24              MR. LIGHTFOOT:  PRETRIAL SERVICES, YOUR HONOR.

25              THE COURT:  HAVE THEY BEEN CONSULTED?
```

1          MR. LIGHTFOOT:  WE HAVEN'T.  NO, YOUR HONOR.

2          THE COURT:  OKAY.  WELL, I'LL APPROVE IT

3   SUBJECT TO THEIR -- PRETRIAL SERVICES ORDINARILY

4   SUBMITS A PROPOSED ORDER ON THIS.

5               COULD YOU CONFER WITH THEM JUST TO GET ME

6   THE ORDER?

7               WHEN IS THE NEXT TRIP TO LAS VEGAS

8   PLANNED?

9          MR. LIGHTFOOT:  WITHIN THE NEXT FEW WEEKS,

10  YOUR HONOR.

11         THE COURT:  WELL, THEN THERE'S PLENTY OF TIME.

12  JUST MAKE SURE THEY'RE IN THE LOOP, PLEASE.

13         MR. LIGHTFOOT:  WE WILL, YOUR HONOR.  THANK

14  YOU.

15            **(END OF PROCEEDINGS)**

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF OFFICIAL REPORTER**


COUNTY OF LOS ANGELES          )
                               )
STATE OF CALIFORNIA            )

            I, ALEXANDER T. JOKO, FEDERAL OFFICIAL

COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT

COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY

CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

STATES CODE, THAT THE FOREGOING IS A TRUE AND CORRECT

TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS

HELD IN THE ABOVE-ENTITLED MATTER, AND THAT THE

TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED

STATES.

DATE:  NOVEMBER 15, 2014



                    /S/ ALEXANDER T. JOKO
                    _____
                    ALEXANDER T. JOKO, CSR NO. 12272
                    FEDERAL OFFICIAL COURT REPORTER