SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
JAMIE A. LANG (Cal. Bar No. 253769)
PUNEET V. KAKKAR (Cal. Bar No. 259816)
Assistant United States Attorneys
Organized Crime Drug Enforcement Task Force Section
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-5735/2652/5728
        Facsimile:  (213) 894-0142
        E-mail:    julie.shemitz@usdoj.gov
                   jamie.lang@usdoj.gov
                   puneet.kakkar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>PACIFIC EUROTEX CORPORATION, ET AL.,<br><br>            Defendants. | No. CR 14-521(A)-JAK<br><br>PLEA AGREEMENT FOR DEFENDANT PACIFIC EUROTEX CORPORATION |

1.    This constitutes the plea agreement between PACIFIC EUROTEX

CORPORATION ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-captioned

case.  This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.     At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts One and Two of the First Superseding Indictment in United States v. Pacific Eurotex Corp., et al., CR No. 14-521(A)-JAK.  Count One charges defendant with conspiring to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i).  Count Two charges defendant with conspiring to structure monetary transactions with a domestic financial institution, in violation of 18 U.S.C. § 371 and 31 U.S.C. §§ 5313(a), 5324(a) and (d)(2).

b.     Not contest facts agreed to in this agreement.

c.     Abide by all agreements regarding sentencing contained in this agreement.

d.     Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.     Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.     Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.     Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## FORFEITURE AND FINANCIAL ACCOUNTABILITY

3.   Defendant further agrees:

a.   Truthfully to disclose to law enforcement officials, at a date and time to be set by the USAO prior to sentencing, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to $3,178,230 in United States currency or substitute assets, which defendant admits was involved in the offense set out in Count Two of the First Superseding Indictment, for which defendant and co-defendant Morad Neman are jointly and severally liable, and to the Court's entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of these assets.

b.   To take whatever steps are necessary to pass to the United States clear title to the assets described above, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

c.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against these assets pursuant to 18 U.S.C. § 981.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of

3

1  the forfeiture in the charging instrument, announcements of the

2  forfeiture sentencing, and incorporation of the forfeiture in the

3  judgment.  Defendant acknowledges that forfeiture of the assets is part

4  of the sentence that may be imposed in this case and waives any failure

5  by the Court to advise defendant of this, pursuant to Federal Rule of

6  Criminal Procedure 11(b)(1)(J), at the time the Court accepts

7  defendant's guilty pleas.

8         d.   Not to assist any other individual in any effort falsely

9  to contest the forfeiture of the assets described above.

10         e.   Not to claim that reasonable cause to seize the assets

11  described above was lacking.

12         f.   To prevent the transfer, sale, destruction, or loss of

13  any and all of the assets described above to the extent defendant has

14  the ability to do so.

15         g.   To fill out and deliver to the USAO prior to sentencing

16  a completed financial statement listing defendant's assets on a form

17  provided by the USAO.

18         h.   That forfeiture of the assets described above shall not

19  be counted toward satisfaction of any special assessment, fine,

20  restitution, costs, or other penalty the Court may impose.

21         i.   Agree to and not oppose the imposition of the following

22  conditions of probation or supervised release:

23         (1)   At any time, defendant shall make available all

24  information relating to the finances, employees, shareholders and

25  salaries of defendant and any successor or related organizations or

26               4

27

28

businesses, to include organizations that take over any part of
operations as they were constituted at the time the search warrant was
executed in September 2014 ("successor organization").  Should defendant
not comply with this condition, defendant will not be permitted to
conduct business under the auspices of such organizations.  Defendant
will ensure that each such organization enacts a compliance program,
which shall be submitted to the Probation Officer.  The information made
available shall include information relating to foreign bank accounts
held by such organizations.

(2)   Defendant, or any successor organization, shall not
accept more than $5,000 in cash from any customer per transaction, and
defendant, or any successor organization, shall not direct or permit any
of its employees to accept more than $5,000 in cash from a customer per
transaction.

(3)   Defendant, or any successor organization, shall
keep a log and provide it, as requested, to Probation.  The log shall
contain the name, address, contact information, and passport number or
driver's license number of any customer of defendant or any successor
organization, who provides any amount of cash from $500 up to the
allowable amount of $5,000 to defendant or any of defendant's employees,
as well as the amount of cash, the invoice number or transaction for
which the cash was paid, the date when cash was tendered, location of
transaction, and name of the employee who accepted the cash.

(4)   Defendant or any successor organization shall
instruct any banks at which defendant or any successor organization

5

holds business bank accounts that the bank(s) are not to accept cash deposits of any amount from third parties on defendant's behalf. Defendant shall provide proof of such instruction to Probation. Defendant shall inform Probation if it becomes aware of any cash deposits made into its business bank accounts by any third party.

(5)   Defendant or any successor organization shall not accept any form of payment from individuals or companies who are not customers of defendant or any successor organization.

4.   Defendant agrees to cooperate with the Internal Revenue Service in the review of defendant's 2012, 2013, and 2014 income tax returns and any related corporate/entity tax returns, and will provide the Internal Revenue Service with all requested information and materials regarding these tax years within 30 days of such request.   Defendant further agrees:

a.   To sign Closing Agreements prior to the time of sentencing, permitting the Internal Revenue Service to determine the correct amounts of income for defendant's tax years 2012, 2013, and 2014, respectively.

b.   That nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's tax returns after the Closing Agreements are filed.

c.   That defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the

criminal investigation of this matter, including materials and

information obtained through grand jury subpoenas.

### THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained
in this agreement.

c.    Not to seek or obtain forfeiture of additional assets
beyond those described above, which consists of $3,548,165 in cash or
substitute assets.

d.    At the time of sentencing, move to dismiss the
Indictment and the remaining counts of the First Superseding Indictment
as against defendant.  Defendant agrees, however, that at the time of
sentencing the Court may consider any dismissed charges in determining
the applicable Sentencing Guidelines range, the propriety and extent of
any departure from that range, and the sentence to be imposed.

e.    Except for criminal tax violations not described in the
attached statement of facts (including conspiracy to commit such
violations chargeable under 18 U.S.C. § 371), not further criminally
prosecute defendant for the violations set out in the First Superseding
Indictment, that is: Title 18, United States Code, Section 1956, Title
31, United States Code, Sections 5313, 5324(b) and (d)(2), Title 31
United States Code, Sections 5331 and 5322(b), Title 18, United States
Code, Section 371, and Title 31, United States Code, Sections 7206(1)
and 7206(2), arising out of defendant's conduct described in the agreed-

7

upon statement of facts attached hereto.   Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.   Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under Title 18, United States Code, Section 3553(a).

### NATURE OF THE OFFENSE

6.   Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(B)(i), the following must be true:

a.   Beginning in approximately 2012 and continuing until September 10, 2014, defendant agreed with at least one other person to conduct a financial transaction involving the proceeds of a specified unlawful activity, that is, drug trafficking;

b.   Defendant knew that the property involved represented the proceeds of some form of unlawful activity;

c.   Defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, that is, drug trafficking; and

8

1    d.    Defendant became a member of the conspiracy knowing of

2  its object and intending to help carry it out.

3    7.    Defendant further understands that for defendant to be guilty

4  of the crime charged in Count Two of the First Superseding Indictment,

5  that is, conspiracy to structure monetary transactions to avoid a State

6  or Federal reporting requirement, in violation of Title 18, United

7  States Code, Section 371 and Title 31, United States Code, Sections

8  5313(a) and 5322(b), the following must be true:

9    a.    Beginning in approximately 2012 and continuing until

10  September 10, 2014, defendant agreed with at least one other person to

11  structure or attempt to structure monetary transactions with a domestic

12  financial institution;

13    b.    Defendant did so with the intent to cause or attempt to

14  cause a domestic financial institution to fail to file a report of

15  currency transaction in excess of $10,000; and

16    c.    Defendant committed this violation while engaged in a

17  pattern of illegal activity involving more than $100,000 in a 12-month

18  period.

19    8.    As a corporation, defendant may act only through natural

20  persons who are known as its agents.  An agent or representative of the

21  corporation possessing adequate authority may bind the corporation by

22  that person's acts, declarations and omissions.  Defendant agrees to

23  file a corporate resolution enabling its agent to act on its behalf in

24  this matter prior to entering a plea pursuant to this agreement.  In

25  order for a corporate defendant to be guilty of an offense, the elements

9

1    of the offense must be present as to the corporation, in the form of

2    acts or omissions of agents or employees of the corporation within their

3    authority.

4                                   PENALTIES

5        9.    Defendant understands that the statutory maximum sentence that

6    the Court can impose for a violation of Title 18, United States Code,

7    Section 1956(h) and (a)(1)(B)(i), is: five years' probation, a fine of

8    $500,000 or twice the value of the property involved in the offense,

9    whichever is greatest; and a mandatory special assessment of $400.

10       10.    Defendant understands that the statutory maximum sentence that

11    the Court can impose for a violation of Title 18, United States Code,

12    Section 371 and Title 31, United States Code, Sections 5313, 5324(a) and

13    (d)(2) is: five years' probation; a fine of $1,000,000; and a mandatory

14    special assessment of $400.

15       11.    Defendant understands, therefore, that the total maximum

16    sentence for all offenses to which defendant is pleading guilty is:

17    ten years' probation; a fine of $500,000 or twice the amount involved

18    in the money laundering conspiracy, whichever is greatest, plus

19    $1,000,000; and a mandatory special assessment of $800.

20       12.    Defendant understands and agrees that the Court: (a) may order

21    defendant to pay restitution in the form of any additional taxes,

22    interest, and penalties that defendant owes to the United States based

23    upon the counts of conviction and any relevant conduct, and (b) must

24    order defendant to pay the costs of prosecution, which may be in

25    addition to the statutory maximum fine stated above.

26                                    10

13.   The Court will also order forfeiture of the property listed in Forfeiture Allegation Two of the First Superseding Indictment pursuant to Title 18, United States Code, Section 5317(c)(1) or substitute assets up to the value of that property as set forth in paragraph three of this agreement.

14.   Defendant further understands that the convictions in this case may subject defendant to various collateral consequences, including but not limited to, suspension or revocation of any license or status granted to defendant by government agencies.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

15.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the attached statement of facts and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

SENTENCING FACTORS

16.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the

11

Sentencing Guidelines, and the other sentencing factors set forth in 18
U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines
are advisory only, that defendant cannot have any expectation of
receiving a sentence within the calculated Sentencing Guidelines range,
and that after considering the Sentencing Guidelines and the other
§ 3553(a) factors, the Court will be free to exercise its discretion to
impose any sentence it finds appropriate up to the maximum set by
statute for the crimes of conviction.

17.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors based upon the United States Sentencing
Commission, Guidelines Manual (Nov. 2013):

| | | |
|---|---|---|
| Base Offense Level: | 8 | [U.S.S.G. § 2S1.1(a)(2)] |
| Specific Offense Characteristics (funds > $200,000) | +12 | [U.S.S.G. § 2B1.1(b)(G)] |
| (knowledge of narcotics proceeds) | +6 | [U.S.S.G. § 2S1.1(b)(1)] |
| (§ 1956 conviction) | +2 | [U.S.S.G. § 2S1.1(b)(2)(B)] |

18.  Defendant and the USAO further agree that the applicable
culpability score, pursuant to U.S.S.G. §§ 8C2.5(a) and (g)(3), is 5.
Subject to paragraph 30 below, defendant and the USAO agree not to seek,
argue, or suggest in any way, either orally or in writing, that any
other specific offense characteristics, adjustments, or departures
relating to the offense level be imposed.  Defendant agrees, however,
that if, after signing this agreement but prior to sentencing, defendant
were to commit an act, or the USAO were to discover a previously

12

1  undiscovered act committed by defendant prior to signing this agreement,

2  which act, in the judgment of the USAO, constituted obstruction of

3  justice within the meaning of U.S.S.G. § 8C2.5(e), the USAO would be

4  free to seek the enhancement set forth in that section and to argue that

5  defendant is not entitled to a downward adjustment for acceptance of

6  responsibility under U.S.S.G. § 8C2.5(g)(3).

7      19.   The Court will order forfeiture of $3,178,230 United States

8  currency pursuant to Title 31, United States Code, Section 5317 or

9  substitute assets up to the value of that property.

10     20.   Defendant and the USAO reserve the right to argue for a

11 sentence outside the sentencing range established by the Sentencing

12 Guidelines based on the factors set forth in Title 18, United States

13 Code, Sections 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

14                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15     21.   Defendant understands that by pleading guilty, defendant gives

16 up the following rights:

17          a.    The right to persist in a plea of not guilty.

18          b.    The right to a speedy and public trial by jury.

19          c.    The right to be represented by counsel at trial.

20 Defendant understands, however, that, defendant retains the right to be

21 represented by counsel at every other stage of the proceeding.

22          d.    The right to be presumed innocent and to have the burden

23 of proof placed on the government to prove defendant guilty beyond a

24 reasonable doubt.

25

26                                    13

27

28

1      e.   The right to confront and cross-examine witnesses

2  against defendant.

3      f.   The right to testify and to present evidence in

4  opposition to the charges, including the right to compel the attendance

5  of witnesses to testify.

6      g.   Any and all rights to pursue any affirmative defenses,

7  Fourth Amendment claims, and other pretrial motions that have been filed

8  or could be filed.

9                    WAIVER OF APPEAL OF CONVICTIONS

10      22.   Defendant understands that, with the exception of an appeal

11  based on a claim that defendant's guilty pleas were involuntary, by

12  pleading guilty defendant is waiving and giving up any right to appeal

13  defendant's convictions on the offenses to which defendant is pleading

14  guilty.

15              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16      23.   Defendant agrees that, provided the Court imposes a total

17  sentence on all counts of conviction of no more than five years'

18  probation, a fine of no more than $1,739,870, and forfeiture of no more

19  than $3,178,230, defendant gives up the right to appeal all of the

20  following: (a) the procedures and calculations used to determine and

21  impose any portion of the sentence; (b) the fine imposed by the court,

22  provided it is within the statutory maximum; (c) the term of probation

23  imposed by the Court, provided it is within the statutory maximum; and

24  (e) any of the following conditions of probation imposed by the Court,

25  including (1) the conditions set forth in General Orders 318, 01-05,

26                                14

27

28

1   and/or 05-02 of this Court; (2) the conditions set forth above in

2   paragraph 3(i) of this agreement; and (3) defendant is to comply with

3   all regulations governing the filing of currency transaction reports

4   under Title 31, United States Code ("Bank Secrecy Act"), and the

5   regulations prescribed thereunder.

6       24.   The USAO agrees that, as long as the Court imposes a term of

7   probation of no less than five years, with the terms and conditions of

8   probation outlined above, a fine of no less than $1,739,870, and the

9   Court orders the forfeiture of $3,178,230 in cash or substitute assets,

10  the USAO gives up its right to appeal any portion of the sentence.

11              RESULT OF WITHDRAWAL OF GUILTY PLEAS

12      25.   Defendant agrees that if, after entering guilty pleas pursuant

13  to this agreement, defendant seeks to withdraw and succeeds in

14  withdrawing defendant's guilty pleas on any basis other than a claim and

15  finding that entry into this plea agreement was involuntary, then (a)

16  the USAO will be relieved of all of its obligations under this

17  agreement; and (b) should the USAO choose to pursue any charge or any

18  civil, administrative, or regulatory action that was either dismissed or

19  not filed as a result of this agreement, then (i) any applicable statute

20  of limitations will be tolled between the date of defendant's signing of

21  this agreement and the filing commencing any such action; and

22  (ii) defendant waives and gives up all defenses based on the statute of

23  limitations, any claim of pre-indictment delay, or any speedy trial

24  claim with respect to any such action, except to the extent that such

25  defenses existed as of the date of defendant's signing this agreement.

26                            15

27

28

1           <u>EFFECTIVE DATE OF AGREEMENT</u>

2           26.   This agreement is effective upon signature and execution of

3    all required certifications by defendant, defendant's counsel, and an

4    Assistant United States Attorney.

5           <u>BREACH OF AGREEMENT</u>

6           27.   Defendant agrees that if defendant, at any time after the

7    signature of this agreement and execution of all required certifications

8    by defendant, defendant's counsel, and an Assistant United States

9    Attorney, knowingly violates or fails to perform any of defendant's

10   obligations under this agreement ("a breach"), the USAO may declare this

11   agreement breached.   All of defendant's obligations are material, a

12   single breach of this agreement is sufficient for the USAO to declare a

13   breach, and defendant shall not be deemed to have cured a breach without

14   the express agreement of the USAO in writing.   If the USAO declares this

15   agreement breached, and the Court finds such a breach to have occurred,

16   then: (a) if defendant has previously entered guilty pleas pursuant to

17   this agreement, defendant will not be able to withdraw the guilty pleas,

18   and (b) the USAO will be relieved of all its obligations under this

19   agreement.

20          28.   Following the Court's finding of a knowing breach of this

21   agreement by defendant, should the USAO choose to pursue any charge or

22   any civil, administrative, or regulatory action that was either

23   dismissed or not filed as a result of this agreement, then:

16

1          a.    Defendant agrees that any applicable statute of

2   limitations is tolled between the date of defendant's signing of this

3   agreement and the filing commencing any such action.

4          b.    Defendant waives and gives up all defenses based on the

5   statute of limitations, any claim of pre-indictment delay, or any speedy

6   trial claim with respect to any such action, except to the extent that

7   such defenses existed as of the date of defendant's signing this

8   agreement.

9          c.    Defendant agrees that: (1) any statements made by

10  defendant, under oath, at the guilty plea hearing (if such a hearing

11  occurred prior to the breach); (2) the agreed to factual basis statement

12  in this agreement; and (3) any evidence derived from such statements,

13  shall be admissible against defendant in any such action against

14  defendant, and defendant waives and gives up any claim under the United

15  States Constitution, any statute, Rule 410 of the Federal Rules of

16  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any

17  other federal rule, that the statements or any evidence derived from the

18  statements should be suppressed or are inadmissible.

19                 COURT AND PROBATION OFFICE NOT PARTIES

20      29.   Defendant understands that the Court and the United States

21  Probation Office are not parties to this agreement and need not accept

22  any of the USAO's sentencing recommendations or the parties' agreements

23  to facts or sentencing factors.

24      30.   Defendant understands that both defendant and the USAO are

25  free to: (a) supplement the facts by supplying relevant information to

26                                17

the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

18

1                          NO ADDITIONAL AGREEMENTS

2        32.   Defendant understands that, except as set forth herein, there

3   are no promises, understandings, or agreements between the USAO and

4   defendant or defendant's attorney, and that no additional promise,

5   understanding, or agreement may be entered into unless in a writing

6   signed by all parties or on the record in court.

7               PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8        33.   The parties agree that this agreement will be considered

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26                                    19

27

28

1   part of the record of defendant's guilty plea hearing as if the entire

2   agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6

7   SANDRA R. BROWN
    Acting United States Attorney
8

9   _____      Date __11/30/17__

10  JULIE J. SHEMITZ
    Assistant United States Attorney

11

12  _____      Date __11/13/17__

13  Authorized agent of Defendant Pacific
    Eurotex Corp.

14

15  _____      Date __11/13/17__

16  TERRY BIRD
    Attorney for Defendant Pacific
17  Eurotex Corp.

18

19                  CERTIFICATION OF DEFENDANT

20       I have read this agreement in its entirety.  I have had enough time

21  to review and consider this agreement, and I have carefully and

22  thoroughly discussed every part of it with my attorney.  I understand

23  the terms of this agreement, and I voluntarily agree to those terms.  I

24  have discussed the evidence with my attorney, and my attorney has

25  advised me of my rights, of possible pretrial motions that might be

26                                20

27

28

filed, of possible defenses that might be asserted either prior to or at

trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of

relevant Sentencing Guidelines provisions, and of the consequences of

entering into this agreement.  No promises, inducements, or

representations of any kind have been made to me other than those

contained in this agreement.  No one has threatened or forced me in any

way to enter into this agreement.  I am satisfied with the

representation of my attorney in this matter, and I am pleading guilty

because I am guilty of the charges and wish to take advantage of the

promises set forth in this agreement, and not for any other reason.

_____          __11/13/17_____
                                          Date
Authorized agent of Defendant
Pacific Eurotex Corp.


CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am the attorney for Pacific Eurotex Corp.  I have carefully and

thoroughly discussed every part of this agreement with my client.

Further, I have fully advised my client of the rights of the defendant,

of possible pretrial motions that might be filed, of possible defenses

that might be asserted either prior to or at trial, of the sentencing

factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

Guidelines provisions, and of the consequences of entering into this

agreement.  To my knowledge: no promises, inducements, or

representations of any kind have been made to my client other than those

contained in this agreement; no one has threatened or forced my client

1  in any way to enter into this agreement; my client's decision to enter

2  into this agreement is an informed and voluntary one; and the factual

3  basis set forth in this agreement is sufficient to support my client's

4  entry of guilty pleas pursuant to this agreement.

_____                    _____
TERRY BIRD                                          Date 11/13/17
Attorney for Defendant Pacific
Eurotex Corp.

22